### BOYD v. THE WINNSBORO GRANITE CO.

1. CONDEMNATION—CORPORATIONS.—THE CONSTITUTION of 1895 provides that private property shall not·be taken for private use without the consent of the owner, except in cases where this power is conferred by the General Assembly on corporations.

2. IBID.—IBID.—Charter of a corporation obtained under the general laws of 1886, providing that it may take private property for right of way for railroad, is amended by the act of 1896, so that it now has no such power or right.

Before DANTZLER, J., Fairfield, February, 1903. Reversed.

Action by Jas. W. Boyd against The Winnsboro Granite Co. From order sustaining demurrer to complaint, plaintiff appeals.

*Messrs. Buchanan & Hanahan,* for appellant. *Mr. Hanahan* cites: *As to right of eminent domain:* Mills on Em. Dom., 1; 22 Am. Dec., 695; 28 Am. Dec., 417; 128 N. Y., 408; Rand. on Em. Dom., sec. 56; 2 Bay, 56; 1 N. & McC., 391; 2 N. & McC., 528; 4 McC., 77; Rice, 397; Blacks Con. of Laws, 2 ed., 403; Sed. St. and Con. of Laws, ed. 1874, 447; Bran. on 14th Amend., 163; Guthrie on 14th Amend., 89; 166 U. S., 226; 40 Am. Dec., 274. *Private property cannot be taken for private use:* Con., art. I., sec. 17 ; 22 Am. Dec., 685; 166 U. S., 226; and same citations as above, and 53 S. C., 118. *Art. I., sec. 23, Con. of 1868, sustained, because of proviso:* 14 S. C., 417.

28—66

*Messrs. J. E. McDonald* and *H. E. Young,* contra.   *Mr. McDonald* cites : *Is statutory remedy exclusive?* 5 Rich., 584; 11 Rich., 239; 15 S. C., 477, 484; 38 S. C., 477; 37 S. C., 386; 47 S. C., 481; 58 S. C., 534; 62 S. C., 54.   *Have the statutory provisions been annulled by the Con. of 1895?* 6 Ency., 2 ed., 933; Cool. Con. Lim., 70, 73, 105; 15 N. Y., 532; 27 Vt., 140; 15 S. C., 581; 16 S. C., 32; 21 S. C., 382; 36 S. C., 125; 57 S. C., 317.

*Mr. Young* cites on latter point : 10 Ency., 2 ed., 1047, 1061; 47 N. J. L., 311; 16 Gray, 417.

June 22, 1903.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   *Statement of facts.*—This is an appeal from an order sustaining a demurrer to the complaint. The following statement is set out in the record :

"This case came before Judge Chas. G. Dantzler at the February (1903) term of the Court of Common Pleas for Fairfield County, and is an action to recover the possession of a strip of land belonging to plaintiff, which the defendant wrongfully took from him for the purpose of constructing thereon a railroad for its own private use; and also for the recovery of damages to land belonging to plaintiff.   At the call of this case, defendant interposed an oral demurrer to each of the four causes of action of the complaint upon the ground that the same did not state facts sufficient to constitute causes of action.   His Honor overruled the demurrer as to the first, but sustained it as to the second, third and fourth causes of action, upon the ground that under article IX., section 20, of the Constitution of 1895, and acts of the General Assembly, this defendant had the right to condemn land for its right of way."

As this is an appeal from an order sustaining a demurrer to the second, third and fourth causes of action, we will set out one of them and state the substance of the others.   The second cause of action is as follows :

"I. That the Winnsboro Granite Company is a private corporation, duly incorporated under the laws of the State of South Carolina, and doing business in the county of Fairfield and State of South Carolina.

"II. That at the time hereinafter mentioned the plaintiff was and now is the owner in fee simple and in possession of the following described premises, &c.

"III. That on the 27th day of March, 1900, plaintiff granted, sold and released unto The Winnsboro Granite Company a right of way over his lands, known as the Andrews place, and described in paragraph II. of the second cause of action in this complaint, for the purpose of constructing and operating a private railroad and telephone or telegraph line thereon, the said right of way so conveyed being in extent 1,500 feet in length and 50 feet in width. That said right of way was determined, fixed and located by a survey made thereof by The Winnsboro Granite Company prior to the conveyance of the same by plaintiff to the defendant.

"IV. That the right of way being so fixed, determined and located by the survey made by the defendant prior to the said conveyance, plaintiff, by his deed of date the 27th day of March, 1900, conveyed to the defendant the right of way as already fixed, determined and located by said survey, but defendant failed to construct its road throughout its whole extent upon the right of way granted to defendant by this plaintiff, but, on the contrary, has unlawfully taken a strip of plaintiff's land not conveyed to it for a distance of 600 feet in length and 50 feet in width for the purpose of constructing its said road, and has constructed and erected a railroad thereon for its own private use, and now unlawfully and wrongfully withholds the same from this plaintiff, without any right or title so to do.

"V. That plaintiff is the owner in fee of the said strip of land—600 feet in length and 50 feet in width—and entitled to the possession of the same.

"VI. That the defendant went on and took possession of

the said land without any right or authority whatsoever from this plaintiff, either in writing or otherwise."

The third cause of action contains substantially the same allegations as the second, except that the gist of this cause of action is that the defendant unlawfully and wrongfully cut down and destroyed a great many trees growing on said land, and dug up and removed the soil therefrom, for which the plaintiff claims $150 as damages. The fourth cause of action is likewise substantially the same as the second, except that in the fifth paragraph the plaintiff alleges that in erecting and constructing its said railroad, the defendant carelessly and negligently dug up and removed the soil of plaintiff's land on each side of defendant's right of way without the consent or authority of the plaintiff, to his damage $450.

In his argument the respondent's attorney says: "The grounds of demurrer are substantially the same to each cause of action, and may be briefly stated as follows. It appears from the complaint:

"1. That the defendant entered upon the land in question by plaintiff's consent to acquire a right of way, and that plaintiff did not signify in writing his *refusal of consent* to such entry upon said land for such purpose.

"2. That in so entering, the defendant did not commit any trespass upon said land, but entered for a lawful purpose alleged in the complaint, to wit: for the purpose of constructing and operating a railroad.

"3. That, having so entered by consent of the plaintiff for said purpose, the plaintiff cannot maintain this action, because the remedy provided by the statute relative to acquirement of rights of way is exclusive of all other remedies."

*Opinion.*—The practical question presented by the exception is whether his Honor, the Circuit Judge, erred in ruling that under article IX., section 20, of the Constitution of 1895, and the acts of the General Assembly, this defendant had the right to condemn land for its right of way. By referring to vol. 19, Stat. at Large, 1219, it will be seen that a charter was granted to the defend-

ant by the secretary of state, 31st of October, 1887, and that
the object of its incorporation was to enable it to "carry on a
general manufacturing, mining and industrial business."
The said charter was issued under the authority of an act
of the General Asembly in 1886, entitled "An act to provide
for the formation of certain corporations under general
laws" (19 Stat., 540).  Section 15 of that act is as follows:
"Corporations organized under the provisions of this act for
mining or manufacturing purposes shall have the power to
construct and operate a railroad, tramway, turnpike or canal
for their own use and purpose to and from their works or
place of business, or to connect with some navigable stream,
or with some existing railroad, turnpike or other public high-
way, not to exceed ten miles in length, and shall have the
right to condemn for the use of such road the right of way
in lands over which the road may pass, on payment to the
owner thereof just compensation, such compensation to be
determined in the manner now provided by law for railroad
corporations."  At the time the defendant received its
charter, section 1361 of the Rev. Stat. of 1882 (incorporated
in the act of 1886 as section 21) was of force, and was as
follows: "It shall be deemed a part of the charter of every
corporation created under the provisions of any general law
and of every charter granted, renewed or amended by act or
joint resolution of the General Assembly (unless such act or
joint resolution shall in express terms declare the contrary),
that such charter and every amendment and renewal thereof
shall always remain subject to amendment, alteration or
repeal by the General Assembly."  This provision is now
section 1842 of the Code of Laws.

Section 1, of article XII., Constitution of 1868, is as fol-
lows: "Corporations may be formed under general laws, but
all such laws may from time to time be altered or repealed."

In 1896 an act was passed, entitled "An act to provide for
the formation of certain corporations under general laws."
Section 18 of that act is as follows: "Corporations organized
for any purpose under the provisions of this act shall have

power to construct and operate a railroad, electric railway, tramway, turnpike or canal for their own use and purpose, and shall have the right to effect a crossing with any existing railroad or public roads, as is now provided by law for railroad corporations, but they shall have no power to condemn lands except for crossing any existing railroad or public road as herein provided." The act contains the usual repealing clause. Section 18 is now section 1895 of the Code of Laws.

For convenience, we have inserted in parallel columns the following provisions of the Constitution of 1868 and 1895:

*Constitution 1868, Art. I.*

"Section 23. Private property shall not be taken or applied for public use, or for the use of corporations, or for private use, without the consent of the owner or a just compensation being made therefor: *Provided, however,* That laws may be made securing to persons or corporations the right of way over the lands of either persons or corporations and for works of internal improvements, the right to establish depots, stations, turnouts, etc., but a just compensation shall in all cases be first made to the owner."

*Constitution 1895, Art. I.*

"Section 17. Private property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being first made therefor."

*Constitution 1868, Art. XII.*

"Section 3. No right of way shall be appropriated to the use of any corporation until full compensation

*Constitution 1895, Art. IX.*

"Section 20. No right of way shall be appropriated to the use of any corporation until full compensation

therefor shall first be made or secured by a deposit of money to the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury of twelve men in a Court of record, as shall be prescribed by law." therefor shall be first made to the owner or secured by a deposit of money, irrespective of benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury of twelve men in a Court of record, as shall be prescribed by law."

Sections 1 and 2, of article IX., Constitution of 1895, are as follows:

"Section 1. The term corporation, as used in this article, includes all associations and joint stock companies having powers and privileges not possessed by individuals or partnerships, and excludes municipal corporations.

"Section 2. No charter of incorporation shall be granted, changed or amended by special law, except in the case of such charitable, educational, penal or reformatory corporations as may be under the control of the State or may be provided for in this Constitution; but the General Assembly shall provide by general laws for changing or amending existing charters and for the organization of all corporations hereafter to be created, and any such law so passed, as well as all charters now existing or hereafter created, shall be subject to future repeal or alteration."

Prior to the Constitution of 1895, the defendant would unquestionably have had the right to take the land under condemnation proceedings. *Ex parte Bacot,* 36 S. C., 125. Not only were important changes made by the present Constitution, but likewise by the General Assembly after the adoption of said Constitution. In construing a Constitution, it is the duty of the Court to give effect to all its provisions, if possible, rather than to render any of them inoperative. The framers of the Constitution certainly did not intend that section 17, article I., should alone be considered in determining the right to take private property for private use, other-

wise there would have been no necessity for inserting section 20, of article IX. Section 17, of article I., and sections 1, 2 and 20, of article IX., must be considered together. When so construed, their meaning is that private property shall not be taken for private use without the consent of the owner, except in cases where this power is conferred upon *corporations* by the General Assembly, and only then in the manner prescribed in section 20, article IX. The principles which demanded that the Constitution should grant to the General Assembly wide powers of discretion to be exercised in such cases, is thus stated in *Talbot* v. *Hudson,* 16 Gray (Mass.), 417, where it is said: "It has never been deemed essential that the entire community or any considerable portion of it should directly enjoy or participate in an improvement or enterprise in order to constitute a public use, within the true meaning of these words as used in the Constitution. Such an interpretation would greatly narrow and cripple the authority of the legislature, so as to deprive it of the power of exerting a material and beneficial influence on the welfare and prosperity of the State. In a broad and comprehensive view, such as has been heretofore taken of the construction of this clause of the Declaration of Rights, everything which tends to enlarge the resources, increase the industrial energies, and promote the productive power of any considerable number of the inhabitants of a section of the State, or which leads to the growth of towns and creation of new sources for the employment of private capital and labor, indirectly contributes to the general welfare and to the prosperity of the whole community. It is on this principle that many of the statutes of this commonwealth, by which private property has heretofore been taken and appropriated to a supposed public use, are founded. Such legislation has the sanction of precedents coeval with the origin and adoption of the Constitution, and the principle has been so often recognized and approved as legitimate and constitutional, that it has become incorporated into our jurisprudence. The foregoing is found in a note on page 1062 of 10 A. & E. Enc. of Law.

Section 1, article IX., shows that *individuals* and *partnerships* are not entitled to the privileges mentioned in that article, and, therefore, their rights are to be determined under section 17, of article I.

Having reached this conclusion, our next inquiry is, whether the statutes now in force confer upon the defendant the right to take said land under condemnation proceedings. As hereinbefore stated, the defendant received its charter under the authority of an act of the General Assembly in 1886, entitled "An act to provide for the formation of certain corporations under general laws." Any alterations or amendments of the general law under which the defendant was incorporated affected its charter rights. It was as if the alteration or amendments were written in its charter. *R. R.* v. *Gibbes,* 27 S. C., 385. In 1896, an act was passed, as we have said, entitled the same as the act of 1886, but containing provisions inconsistent with the act of 1886, among which may be mentioned section 18, which is different from section 15 of the act of 1886. As the act of 1896 repeals all acts or parts of acts inconsistent with it, section 15 of the act of 1886 must be regarded as repealed, and section 18 of the act of 1896 as now the law upon that subject. The respondents rely upon sections 2187 to 2199 of the Code of Laws, but those sections do not pretend to say what rights are conferred, but simply provide the remedy for the enforcement of rights after they have been determined. *Cureton* v. *R. R.,* 59 S. C., 371. As this case does not come within the provisions of section 18 of the act of 1896, his Honor erred in his construction of the law.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.