BRYANT v. CITY COUNCIL OF ORANGEBURG.

CITIES AND TOWNS—BICYCLES.—Neither the city council nor the city of Orangeburg is liable under its act of incorporation or the statutes of the State for actual or punitive damages for injuries caused to a pedestrian on the sidewalk by being run over by a bicycle ridden rapidly along the sidewalk, nor for failure to enact an ordinance against such use of the sidewalks.

Before ALDRICH, J., Orangeburg, November 3, 1903. Affirmed.

Action by Marguerite Bryant, by guardian *ad litem,* against the city council of Orangeburg and the city of Orangeburg. The following is the Circuit decree:

"The plaintiff is a little girl seven years old, and resides with her father on Russell street, in the city of Orangeburg, S. C. On November 4th, 1902, she was a pupil in the graded school of said city, and while returning from said school to the home of her parents, walking on the eastern side of the sidewalk on Railroad street or avenue, one John Siders, who was riding a bicycle at a high rate of speed longitudinally upon and along said sidewalk, ran against, struck, knocked upon the ground and severely injured the plaintiff. Her right leg was broken above the ankle, and she received other severe bodily injuries, in consequence of which she was made sick and caused to suffer great bodily pain, and has since remained lame and disabled. The plaintiff, by her guardian *ad litem,* instituted this action against the defendants, whereof she seeks to recover of the defendants as damage for the injuries sustained by her as above stated, $5,000.

"There are two causes of action alleged in the complaint, each for $5,000; the first is based upon the *negligence,* and the second upon the *wilful negligence* of the defendants.

"Each cause of action alleges, in substance, that the sidewalks are under the management and control of defendants; that it is the duty of defendants to keep the same in good order, free from obstructions and dangers, and in a safe and secure condition at all times for the use and benefit of the traveling public. That the defendants, not regarding their duty in the premises, and of their neglect of duty, mismanagement, carelessness and negligence, did permit persons to use the sidewalks as a bicycle track, and to ride bicycles on and upon all portions of said sidewalks, regardless of the rights, security and convenience of pedestrians, who are accustomed or compelled to use said sidewalks, and who have a lawful right so to do. Both of the causes of action

are stated in apt and correct language, and the only questions before the Court are raised by the demurrer of the defendants. The complaint should be read as a part of this decree.

"The defendants demur to the first cause of action upon the ground that it does not state facts sufficient to constitute a cause of action.

" '1. Because, under the laws and statutes of South Carolina, municipal corporations are not liable for damages under circumstances such as are set forth in the said first cause of action.

" '2. Because there are no statutes imposing a liability for damages upon municipal corporations under the facts set forth in said alleged first cause of action of the plaintiff's complaint, and in the absence of an enabling statute, the defendants being a municipal corporation, are not liable.

" '3. Because it is not alleged that plaintiff's injury was caused by reason of a defect in any of the streets, causeways or bridges of the defendants, and that such defect was occasioned by the neglect or mismanagement of the defendant, or by reason of defect or mismanagement of anything under the control of the defendant corporation in making repairs of its streets.'

"Defendants demur to the second cause of action upon the ground just stated, and I need not repeat the same.

"Defendants further demur to both causes of action, upon the ground that the facts and circumstances set forth in both of said causes are the same, and that the plaintiff had improperly united the said alleged two causes of action in the same complaint. And, also, upon the ground that it does not appear that the defendants are responsible in damages, because there is no legislative enactment making municipal corporations generally, or the defendants in particular, liable under such facts as are stated in either or both of the said causes of action in plaintiff's complaint, and in the absence of such legislative enactment the defendant, being a municipal corporation, is not liable.

"I think that it is well settled law in this State, that a municipal corporation is not liable to an action for damages predicated upon the nonfeasance or misfeasance of the officers in regard to their public duties, unless expressly made liable by statute. In the well-considered case of *Gibbs* v. *Town Council of Beaufort,* 20 S. C., page 218, it is held: 'We regard it settled in this State, that a municipal corporation, instituted for the purpose of assisting the State in the conduct of local civil government, is not liable to be sued in an action of tort for nonfeasance or misfeasance of its officers in regard to their public duties, unless expressly made so liable by statute.' *White* v. *City Council of Charleston,* 2 Hill, 572; *Coleman* v. *Chester,* 14 S. C., 290; *Black* v. *City of Columbia,* 19 S. C., 412; *Young* v. *City Council of Charleston,* 20 S. C., 116; *Dunn* v. *Barnwell,* 43 S. C., 398; *Bramlett* v. *City of Laurens,* 58 S. C., 60.

"The learned counsel for plaintiff contends that the city of Orangeburg is liable in the case at bar under the provision of the 25th section of its charter, and, also, under section 2023 of the Civil Code. The charter of the city of Orangeburg is an act entitled 'An act to incorporate the city of Orangeburg,' 18 statute, page 525; and the 25th section of said act, upon which the plaintiff relies, is found on page 530 of said volume, and reads: 'That for the wilful violation or neglect of duty, malfeasance, abuse or oppression, the said mayor and aldermen, jointly and severally, shall be liable to indictment in the Court of General Sessions, and upon conviction shall be fined in a sum not exceeding five hundred dollars, or be imprisoned not exceeding twelve months, besides being liable for damages to any person injured.' There is no doubt but that this section makes the mayor and aldermen liable for indictment for the wilful violation or neglect of duty, malfeasance, abuse or oppression; but the words, 'besides being liable for damages to any person injured,' neither refer to nor include the city of Orangeburg. This section makes the mayor and aldermen not only liable to a criminal prosecution for the offense

therein stated, but also liable in damages, in a civil action, to any person injured by the wilful violation or neglect of duty, malfeasance, abuse or oppression of the said mayor and aldermen, jointly and severally. The charter of the town of Barnwell contains a section similar to the 25th section of the charter of Orangeburg. Mr. Chief Justice Mc-Iver, than whom a more learned, careful or painstaking justice never adorned the Courts of this State, wrote the opinion in *Dunn* v. *Barnwell,* 43 S. C., 398. He had before him the charter of the town of Barnwell, and doubtless read said section, and the inference is, that he did not give it the construction now urged by counsel of plaintiff.

"Again, section 1991, of vol. 1, Code of Law of South Carolina, provides: 'For any wilful violation or neglect of duty, malpractice, abuse or oppression, the mayor or aldermen so offending shall be liable to punishment by a fine not exceeding one hundred dollars, or imprisonment not exceeding thirty days, besides being liable for damages to any person injured by such neglect, malpractice, abuse or oppression.' The section just cited was enacted in 1896, and appears as sec. 20 of 'An act to provide for the incorporation of towns of not less than one thousand nor more than five thousand inhabitants.' 22 Stat., 67; we find the same section appearing as section 21 of 'An act to provide for the incorporation of cities of more than five thousand inhabitants,' approved February 15th, 1901, sec. 23, Stat., 659. Sec. 1991 appears in art. 4, of chap. XLIX. of the Civil Code, entitled 'Municipal Corporations.' The caption of art. IV. is 'Provisions common to towns and cities containing over one thousand inhabitants.' So that ever since 1896 we have had general laws practically the same as the 25th sec. of the charter of the city of Orangeburg, and yet we have a number of recent decisions which sustain and affirm the 'well settled law,' as above stated. See *Bramlett* v. *Laurens,* 58 S. C., 63, decided in 1900, and *Hutchison* v. *Summerville,* 66 S. C., 442.

"I am of the opinion, and conclude as a matter of law, that said section 25 of the charter of Orangeburg does not authorize or sustain this action.

"The plaintiff also relies upon sec. 2023 of the Civil Code of South Carolina, which reads: 'Any person who shall receive bodily injury or damage in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under control of the corporation within the limits of any town or city, may recover in an action against the same the amount of actual damages sustained by him by reason thereof. If any such defect in a street, causeway or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured, if his load exceed the ordinary weight: *Provided,* The said corporation shall not be liable unless such defect was occasioned by neglect or mismanagement: *Provided, further,* Such person has not in any way brought about any such injury or damage by his or her own negligent act or negligently contributed thereto,' said sec. 2023 is taken from the act 1901, p. 657, where it appears as sec. 22, of 'An act to provide for the incorporation of cities of more than five thousand inhabitants,' 23 Stat., 649. It also appeared as sec. 1582 of the Rev. Stat. of 1893, being the act approved in December, 1892, entitled 'An act providing for a right of action against a municipal corporation for damages sustained by reason of defects in the repair of streets, sidewalks and bridges within the limits of such municipal corporations,' 21 Stat., 91. I don't think that said sec. 2023 sustains the plaintiff's cause.

"In the very recent case of *Hutchison* v. *Summerville,* 66 S. C., 448, the Court says: 'The statute received judicial construction in *Dunn* v. *Barnwell,* 43 S. C., 398,' and in *Barksdale* v. *City of Laurens,* 58 S. C., 413. In the last mentioned case, the Court says: 'The title of said act of 1892 is "An act providing for a right of action against a municipal corporation for damages sustained by reason of defects in

the repair of streets, sidewalks and bridges within the limits of such municipal corporation.' " This act was construed in the case of *Dunn* v. *Barnwell,* 43 S. C., 401, wherein the Court held by the term "mismanagement," as used in the clause, "or by reason of defect or mismanagement of anything under control of the corporation," meant mismanagement in making repairs on the streets, so that the corporation should be held liable not only for neglect in making repairs on the streets, but also for mismanagement of anything under the control of the corporation *in making such repairs.'* The municipality is liable not only for its neglect in failing to make repairs on the streets, but likewise for its negligence in making such repairs. In other words, it is liable for its negligent non-action as well as for its negligent action in making repairs. It would practically destroy the effect of the statute to sustain the proposition for which the appellant contends.

"There are a number of cases which discuss the subject under consideration, but I will only refer to *Acker* v. *Anderson,* 20 S. C., 495; *Brown* v. *Laurens County,* 38 S. C., 282; *Mason* v. *Spartanburg County,* 40 S. C., 393; *Parker* v. *Greenville,* 44 S. C., 172, and cases cited in the first part of this decree.

"I am of the opinion, and conclude as matter of law, that said sec. 2023 does not give to the plaintiff a right of action for damages under the facts alleged in the complaint. The question now before this Court has been decided in several of the States. In the case of *James* v. *City of Williamsburg,* 34 S. E. Rep., 883 (97 Va., p. 722), it was held by the Supreme Court of Appeals, that 'A city is not liable to a person for injuries resulting from being struck by a bicycle ridden on the sidewalk, or the failure to pass an ordinance prohibiting such use of the sidewalks.' This case is also reported in the 47 vol. of L. R. A., at page 294.

"The Supreme Court of Georgia, in the case of *Tarbrelton* v. *Town of Tennille* (110 Ga. Rep., p. 90), and reported in the 35th S. E. Rep., p. 282, held: 'There is no obligation

upon the authorities of a municipal corporation, towards any one of its citizens, to exercise the legislative discretion with which they are invested to enact ordinances prohibiting any specific act concerning the streets and sidewalks of the town; such matters are left to their discretion, and a right of action does not accrue to one who was injured by a person riding a bicycle on the sidewalk, because the authorities had failed to prohibit such riding.' I think that the demurrer of defendants, as, stated in the 1st, 2d, 3d and last grounds of demurrer to both causes of action, as alleged in the complaint, is well taken and should be sustained.

"Wherefore, it is ordered, adjudged and decreed, that the demurrer of the defendants to both causes of action alleged in the complaint herein, be, and hereby are, sustained, and that the said complaint be, and hereby is, dismissed, with costs."

From this decree, the plaintiff appeals.

*Messrs. James F. Izlar* and *Raysor & Summers,* for appellant, cite: *Duty of city as to its streets:* 1 Smith on Mun. Corp., secs. 1277, 1279, 1282, 1287, 1290, 1304, 1309; 3 S. C., 282; Clemenston Road Rights and Liabilities of Wheelmen, 37; 10 Am. St. R., 80. *Bicycles should not be used on sidewalks:* 97 N. C., 127; 9 L. R. A., 772. *City is liable for acts of its officers:* 1 Smith on Mun. Corp., secs. 267a to 272b; Code 1902, 2023. *This action can be maintained under charter of city:* 18 St., 525; 4 Ency., 2 ed., 3; 103 N. Y., 177; 9 Heisk., 850; Crim. Code, 160, 180, 170, 171, 172; *and under general law:* 43 S. C., 398; 58 S. C., 60; 66 S. C., 442; 58 S. C., 423; 122 Mass., 344; Code 1902, 2023; 39 Barb., 329; 3 S. C., 232.

*Mr. Wm. L. Glaze,* contra, cites: *An action will not lie against a city for a tort in absence of an enabling statute:* 20 S. C., 116; 3 Pet., 409; 2 Hill, 412; 14 S. C., 290; 19 S. C., 412; 20 S. C., 213; 43 S. C., 398; 58 S. C., 60; 66 S. C.,

442; 69 S. C., 67; 34 S. C., 144. *There is no statute under which this action can be maintained:* Code 1902, 2023; 43 S. C., 398; 20 S. C., 495; 18 S. C., 282; 40 S. C., 393; 38 S. C., 282; 40 S. C., 393; 44 S. C., 172. *Nor can the action be maintained under the charter of this city:* 18 Stat., 530; 58 S. C., 63; 66 S. C., 442; 69 S. C., 67. *Nor can actionable negligence in this regard be charged to the city council:* 15 Ency., 1145; 72 N. C., 55; 129 Mass., 534; 128 Mass., 583; 88 Ind., 330; 85 Ind., 130; 53 Mich., 98; 60 Ind., 210; 19 S. C., 412; 19 Ency., 478; 88 Ind., 330; 51 N. Y. Sup., 1058; 110 Ga., 90; 97 Va., 722.

November 12, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. All the questions made by this appeal have been fully discussed by the decree of the Circuit Court. We adopt that decree, for the reason that any further discussion could be only a repetition or elaboration of the views therein expressed.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.