6548½

D. W. ALDERMAN & SONS CO. v. THE WILSON LUMBER CO.

1. CONSTITUTIONAL LAW—CONDEMNATION—RAILROADS.—Section 1895, of the Code of 1902, does not contravene article I, sec. 5, of Constitution of this State, and the 14th Amendment to the Constiution of the United States by denying the equal protection of law in that it gives to corporations owning tramroads, electric railways, turnpikes and canals the right to condemn crossings over existing railroads, but denies to existing railroads the right to condemn crossings over tramroads, electric railways, turnpikes and canals.

2. IBID.—IBID.—IBID.—Sec. 1895 gives a private corporation the right to condemn a right of way for a private railroad over a public or private railroad or tramroad, and such condemnation may be had across a right of way staked out on which the proposed railroad has not been actually located.

Before WATTS, J., Florence. December, 1905. Affirmed.

Action by D. W. Alderman & Sons Co. v. Thomas Wilson, W. B. Wilson, John Wilson, E. R. Wilson and The Wilson Lumber Co. From judgment for defendants, plaintiff appeals.

*Messrs. Wilson* and *DuRant* and *S. W. G. Shipp,* for appellant. *Messrs. Wilson* and *DuRant* cite: *The statute contravenes the State and Federal Constitutions:* 69 S. C., 176; 184 U. S., 541; 63 S. C., 169, 425; 113 U. S., 703. *The words "existing railroads" or "public roads" mean common carriers:* Code 1902, 634, 1895, 2034, 2110, 2111, 2131, 2132, 2133, 2140, 2141, 2144, 2147, 2149, 2179, 2180-4, 2195. *Similar legislation in which right was given separately to cross private property and public railroads:* Acts 1874, 740; 1884, 833, 729; acts 1854, 42; acts 1855, 217, 246, 173, 131; acts 1887, 911, 912, 917.

*Messrs. W. C. Benet, Willcox & Willcox* and *Henry E. Davis, contra,* cite: *The statute does not contravene the Constitutions:* 66 S. C., 433; 23 Ency., 673-4; Code 1902, 2187 to 2199; 57 S. C., 317; 15 Cyc., 620; 44 S. C., 256; 30 S. C., 360; 8 Cyc., 1059. *Private corporation may condemn over private railroad:* Code 1902, 2187-2199; 23 Ency., 645, 649; 88 Fed. R., 588; 136 Pa. St., 96; 30 Am. St. R., 763. *And over right of way staked out:* 23 S. C., 75; 44 S. C., 1; 53 S. C., 77; 46 S. C., 184; 23 Ency., 646.

The opinion in this case was filed March 28, 1907, but remittitur held up to permit appellant to carry the case to the United States Supreme Court until

June 1, 1907. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. On the 15th of February, 1905, the plaintiff began this action against the defendants. It came on to be heard before his Honor, Judge Watts, at the November term of the Court of Common Pleas of Florence County, in this State, and on the 9th day of December, 1905, his Honor filed his final decree, by which he refused to grant the injunction prayed for by the plaintiff and dismissed the complaint.

From this decree the plaintiff has appealed to this Court.

The first two grounds of appeal are as follows:

"1. Because his Honor erred in holding that section 1895 of the Civil Code of South Carolina is not void, as being in contravention of art. I., sec. 5, of the Constitution of this State, and of the 14th Amendment to the Constitution of the United States, and that plaintiffs are not by said section of the Code deprived of or denied the equal protection of the laws.

"2. Because his Honor erred in not holding that section 1895, of the Code, is void, as being in contravention of art. I., sec. 5, of the Constitution of this State, and of the 14th Amendment of the Constitution of the United States, in that said section of the Code does deny to plaintiff the equal protection of the laws, it being submitted that said section gives to corporations owning tramroads, electric railways, turnpikes and canals the right to effect crossings with existing railroads, but denies to existing railroads the right to effect crossings with tramroads, electric railways, turnpikes and canals."

In disposing of this question, it is well to keep in mind that the appellant does not seek to inquire whether the General Assembly had the authority to provide a private corporation with the right to condemn a crossing. In *Boyd* v. *Winnsboro Granite Co.*, 66 S. C., 433, 45 S. E., 10, this Court has held that the legislation already had by this State was constitutional so far as the power exercised in favor

of private corporations is concerned. But that is not the question here presented. The plaintiff here denies that section 1895, of our Code, is constitutional because in conflict with sec. 5, art. I., of our State Constitution, and of the 14th Amendment of the United States Constitution, in that it denies to the plaintiff the equal protection of the laws by giving to corporations owning tramroads, electric railways, etc., the right to condemn crossings with existing railroads, and at the same time denying such power to existing railroads. The exact language of the section under consideration is as follows:

Section 1895. "Corporations organized for any purpose under the provisions of this article shall have power to construct and operate a railroad, electric railway, tramway, turnpike or canal for their own use and purpose, and shall have the right to effect a crossing with any existing railroad or public road, as is now provided by law for railroad corporations; but they shall have no power to condemn lands except for crossing any existing railroad or public road, as herein provided."

There are only two kinds of railroads recognized in this State, public and private railroads. 23 A. & Ency. Law, 2d ed., 673-674. The defendant here seeks the right to cross the plaintiff's right of way for its railroad, already in process of construction. The section now under review plainly provides for a private railway to cross a private railway. As to public railways, the defendant clearly has the right to condemn a right of way across them. The legislature reserves the right to amend any charter granted by it of a public highway or railroad. *Gibbes* v. *R. R.*, 24 S. C., 60.

How the terms of the section 1895 can be said to violate the constitutional rights of the plaintiff we cannot see. The plaintiff is a private corporation itself, and there is no denial of any of its rights by this section. But suppose we concede its power to rely upon an infringement of this section so far as *railroads* are concerned by giving to private rail-

roads the right to cross public roads, and the corresponding right denied to railroads. We cannot see how it will help the plaintiffs. Clearly public railroads have a constitutional power to cross private railroads as well as to cross public railroads and public roads. Sections 2187 to 2199, of our Code, cover such rights. This Court, in *Railroad Co.* v. *Railroad Co.,* 57 S. C., 317, 35 S. E., 553, has held such sections constitutional.

In 8 Cyc., 1059, is defined what is meant by equal protection of the laws, when it there holds: "By equal protection of the laws is meant equal security under them to every one, under similar terms, in his life, his liberty, his property and the pursuits of happiness, and the exemption from any greater burdens and charges than such as are equally imposed upon all others under like circumstances, etc."

We do not see how the plaintiff can maintain its exceptions.

The third exception is as follows:

"3. Because his Honor erred in construing section 1895, of the Code, in connection with section 2195, of the Code, and in not holding that corporations such as The Wilson Lumber Company have no right under said section to condemn rights of way over any existing railroads except such as are highways, or common carriers."

This exception is not tenable. There is no distinction recognized under our laws between private and public railroads. Therefore, when the legislature declares the power to condemn a right of way for a crossing over the same, it includes the power to so condemn a crossing over *any existing* railroad, be the same public or private.

Exceptions 4, 6 and 7 are as follows, and will be considered together:

"4. That his Honor erred in finding as a matter of fact that D. W. Alderman & Sons' Company owned an existing railroad at the point sought to be condemned; whereas, he should have held that said road is not in existence at said point, but that same has not been built to said point.

"6. Because his Honor erred in not holding that it is impossible for The Wilson Lumber Company to effect a crossing with the railroad of the plaintiff herein until the latter is built, and should have granted the injunction upon this ground.

"7. Because his Honor erred in holding that a right of way can be condemned and land appropriated where there is not an existing railroad."

We do not see that the right of way being staked out, and the plaintiff having elected to adopt such right of way and partially finished the same, makes any difference. The law clothes the defendant with the right to condemn the same, and its right is clearly enforceable. These exceptions must be overruled.

The 5th exception is as follows:

"5. That the condemnation proceeding was not to 'effect a crossing' with the railroad or tramroad to be hereafter constructed by plaintiff, but to appropriate 'a strip of land over the right of way of the plaintiff.' The result of this is to deprive plaintiff of its right of way and require plaintiff to condemn in turn when it reaches this point in the construction of its railroad, and the Circuit Judge erred in not granting the injunction prayed for on this ground."

We do not see how the plaintiff-appellant can be injured by the respondent as to the planitiff's right of way. It is clearly defined by the pleadings, and the defendant is bound to admit it. This exception is overruled.

"8. Because his Honor erred in not holding that the right of way of the plaintiff could not be condemned, as it was a right of way for a tramroad." We see no grounds for this exception, therefore, it is overruled.

The judgment of this Court is, that the judgment of the Circuit Court be and it is hereby affirmed.

June 1, 1907. PER CURIAM. On the 5th day of April, 1907, by an order of the Chief Justice, remittitur was stayed in this action to allow the appellant time to perfect an appeal

to the Supreme Court of the United States.   The plaintiff-appellant having announced its intention not to continue said appeal,

It is ordered, that the stay of remittitur heretofore granted be revoked and the remittitur sent to the Court below by the clerk of this Court.