15076

GASQUE v. TOWN OF CONWAY *ET AL.*

(8 S. E. (2d), 871)

16

Messrs. *E. S. C. Baker* and *Lonnie D. Causey,* for appellant,

Messrs. *Wright & Burroughs,* for respondent,

May 6, 1940.

The opinion of the Court was delivered by Mr. Justice Fishburne.

In this action the appellant seeks to recover damages against the respondents because of the refusal of the municipal authorities to grant him a permit to build and operate a gasoline filling station within the Town of Conway.

The plaintiff alleges that prior to his application for a permit he entered into a contract with the Gulf Refining Company, under the terms of which he was to build a filling station upon his lot and lease the property, with the building, to the Gulf Company for a monthly rental of $50.00 per month. That he applied to the town council for a permit to erect the filling station, and permission was refused. Plaintiff then brought a mandamus proceeding against the town and obtained a writ of mandamus compelling the issuance of the permit. By reason of the refusal to grant the permit in the first instance, plaintiff alleges that he lost the sum of $768.27, as rental; that he was required to pay the sum of $535.00 as attorneys' fees in connection with the mandamus proceeding, and incurred costs in that proceeding in the sum of $57.60. He prays judgment

against the Town of Conway in the aggregate amount of $1,360.87.

The present action is against the Town of Conway, a municipal corporation, and against its mayor and council, in their official capacity. The mayor and council demurred to the complaint upon the ground that as to them no cause of action was stated, in that the acts complained of were done by the named defendants in their official capacity as the town council of the Town of Conway, and that such judgment as might be recovered must be against the town and not against them; and further, upon the ground that the complaint contains no allegation that the mayor and members of council in refusing the permit acted corruptly or fraudulently, and under such circumstances they cannot be required to respond in damages, either personally or officially. It is clear that if the plaintiff obtained a judgment it would necessarily be against the municipal corporation as such, and not against the members of council. This demurrer was sustained by the Circuit Court. The plaintiff has appealed, but we think the decision of the lower Court on this issue is obviously correct, and requires no discussion.

The Town of Conway demurred on the ground that as to it no cause of action is stated, in that an action of the nature of the one here under consideration sounds in tort, and that a tort action cannot be maintained in the absence of a statute authorizing such action, and that there is no such statute in South Carolina.

It is firmly settled in this State by a long line of decisions that neither the commonwealth nor any of its political subdivisions is liable in an action *ex delicto,* unless made liable by express enactments of the General Assembly, except where the acts complained of, in effect, constitute a taking of private property for public use without just compensation. *Brooks v. One Motor Bus,* 190 S. C., 379, 3 S. E. (2d), 42; *Sherbert v. School District No. 85, Spartanburg County,* 169 S. C., 191, 168 S. E.,

391; *Chick Springs Water Co. v. State Highway Department,* 159 S. C., 481, 157 S. E., 842; *Randal v. State Highway Department,* 150 S. C., 302, 148 S. E., 57; *Faust v. Richland County,* 117 S. C., 251, 109 S. E., 151; *Lowry v. Thompson,* 25 S. C., 416, 1 S. E., 141.

A municipal corporation, instituted for the purpose of assisting the State in the conduct of local civil government, is not liable to be sued in an action for nonfeasance or misfeasance of its officers in regard to their public duties without express statutory authority therefor. *Gibbes v. Beaufort,* 20 S. C., 213; *Parks v. City Council of Greenville,* 44 S. C., 168, 21 S. E., 540; *Bryant v. City Council of Orangeburg,* 70 S. C., 137, 49 S. E., 229; *Irvine v. Town of Greenwood,* 89 S. C., 511, 72 S. E., 228, 36 L. R. A. (N. S.), 363.

Undoubtedly the cause of action stated in the complaint sounds in tort, and if considered solely in this aspect it cannot be maintained, because no statute in this State authorizes the maintenance of an action of this kind against a municipal corporation. But the plaintiff earnestly presses the view that the act of the town in refusing to grant the building permit was, in effect, a taking of private property for public use without just compensation, and that the action may be maintained without legislative enactment, under the self-executing provision of the Constitution. We will, therefore, consider the case from the standpoint of whether the refusal of the permit amounted to a taking of plaintiff's property within the purview of the Constitution. The Circuit Court gave full recognition to the doctrine that a municipal corporation may be made to respond in damages, in the absence of statute, when it has taken private property for a public use without paying just compensation therefor. That Court, however, denied that the mere refusal to grant a building permit constitutes a taking of property in the constitutional sense, and sustained the demurrer interposed by the town.

The Constitution of this State (Art. 1, Sec. 17) provides that "private property shall not be taken * * * for public use without just compensation being first made therefor."

In construing this provision of the Constitution, we have held, along with many other Courts, that an actual physical taking of property is not necessary to entitle its owner to compensation. A man's property may be taken, within the meaning of this provision, although his title and possession remain undisturbed. To deprive him of the ordinary beneficial use and enjoyment of his property is, in law, equivalent to the taking of it, and is as much a "taking" as though the property itself were actually appropriated.

Property in a thing consists not merely in its ownership and possession, but in the unrestricted right of use, enjoyment, and disposal. Anything which destroys one or more of these elements of property to that extent destroys the property itself. It must be conceded that the substantial value of property lies in its use. *Henderson v. City of Greenwood,* 172 S. C., 16, 172 S. E., 689. If the right of use be denied, the value of the property is annihilated, and ownership is rendered a barren right.

The constitutional prohibition against taking private property for public use without just compensation must have been intended to protect all the essential elements of ownership which make property valuable, including, of course, the right of user, and the right of enjoyment. Accordingly, it has been held that the erection and maintenance of a public work or enterprise under lawful authority in such a way as to destroy the beneficial use of adjacent land or property may constitute a taking, although there is no physical invasion of the property itself. This principle is illustrated by such cases as *Kneece v. City of Columbia,* 128 S. C., 375, 123 S. E., 100, which was an action for damages to property, caused by disagreeable odors resulting from the installation of a municipal incinerator; *Derrick v. City of Columbia,* 122 S. C., 29, 114 S. E., 857,

damages resulting for improperly maintaining a slaughter house; and *Faust v. Richland Co., supra,* where an action was sustained for diverting water on to plaintiff's premises.

What is a "taking" of property within the constitutional provision is not always clear; but, so far as general rules are permissible of declaration on the subject, it may be said that there is a taking where the act involves the actual interference with, or the disturbance of, property rights, resulting in injuries which are not merely consequential or incidental. 18 Am. Jur., Sec. 132, page 750.

We agree with appellant that constitutional powers can never transcend constitutional rights, and that the police power of a municipal corporation is subject to the limitation imposed by the Constitution. But we concur in the view expressed by the lower Court, that the mere refusal to grant a building permit, under the facts in this case, does not constitute a taking of property in a constitutional sense.

In the case at bar, the town made no entry of any kind upon the plaintiff's lot. Nor did it subject the land to any burden or easement. All that the town did was to refuse to grant appellant a permit to erect a filling station. In our opinion, by this negative act the defendant did not "take" or appropriate the plaintiff's property for public use in a constitutional sense. To hold otherwise would be an unjustifiable extension of the meaning of the word, and would go far beyond its plain, natural and usual import. It seems evident that where the town has made no entry on appellant's lot, subjected it to no easement, nor placed it under any servitude, it has not taken the lot nor deprived the appellant of it.

In addition to this, the Constitution requires that just compensation be paid where private property is taken for public use. The term "public use" is such a flexible term that the Courts have avoided a positive definition lest it prove an embarrassment in subsequent cases and work a mischief in practical application. There is no arbitrary standard by

which to determine whether the purpose to which property is appropriated possesses all elements of public utility. The meaning of the terms is flexible, and is not confined to what may constitute a public use at any given time. *Riley v. Charleston Union Station Co.,* 71 S. C., 457, 51 S. E., 485, 110 Am. St. Rep., 579.

In *Boyd v. Winnsboro Granite Co.,* 66 S. C., 433, 45 S. E., 10, the phrase "public use" was construed to be, in effect, synonymous with "public benefit," "public utility," and "public advantage." The plaintiff alleges that his property was taken, in a constitutional sense, for public use. It appears, however, that this allegation is based solely upon the assertion that the town refused to issue a building permit. It is nowhere shown, directly or indirectly, that the plaintiff's lot has been subjected to any public use, or that the town has derived any benefit or advantage from the denial of the permit. In his argument, the appellant says that the action of the town in denying the permit was predicated upon an invalid ordinance. But nowhere in the record is there any reference to any rule, regulation, or ordinance under which the permit was refused.

It may be conceded that the wrongful act of the town limited and restricted the use of the lot by a denial of the permit, but this wrong was remedied by the order of the Circuit Court in plaintiff's mandamus proceeding. Ordinarily the constitutional provision under consideration contemplates compensation for a "taking" or for damage which is permanent or presumably of a permanent nature, and growing out of a positive act or aggressive step. It was never intended to furnish a cause of action for every error of judgment committed or wrongful act perpetrated by a town council.

Appellant relies strongly upon two cases: *Houston v. Town of West Greenville,* 126 S. C., 484, 120 S. E., 236, and *Henderson v. City of Greenwood, supra.* In the *Houston case* the town of West Greenville adopted an ordinance

providing for the permanent closing of a public street leading to the plaintiff's property. Plaintiff thereupon brought an action for damages, and for an injunction, upon the theory that his property had been taken for public use without just compensation. Upon appeal to this Court from an order sustaining a demurrer to the complaint, it was held that the action was maintainable. In the *Houston case* there was an affirmative act on the part of the city of permanent nature, which was deemed to be for the public benefit or the public advantage. In the case here under consideration the facts are altogether different. There was no taking of the plaintiff's lot for the public use. It is clear from the allegations of the complaint that the Town of Conway was without right or authority to deny the permit, and of course was subject to the mandamus proceeding which followed. But it is going too far to say that by merely refusing the permit the town appropriated the property of the plaintiff in any constitutional sense.

The facts in the case of *Henderson v. City of Greenwood*, likewise relied upon by the appellant, do not furnish authority for the maintenance of this case. In the cited case Mrs. Henderson secured a building permit, which was subsequently revoked. She thereupon instituted an action to secure a writ of mandamus to compel the city to issue a new building permit, taking the position that the building ordinance of the City of Greenwood, under which the council acted, was unconstitutional. The report of that case shows that only two questions were before the Supreme Court. (1) Was the ordinance unconstitutional? and (2) Was mandamus the proper remedy? The Court decided both questions in accordance with her contention. But her action was not one for the recovery of damages against the city because of its action in revoking her permit, nor was it an action for damages based upon the constitutional provision that her property had been taken for public use without just compensation. It is true that the city ordinance was attacked upon the ground that it violated the due process clause and

would result in the taking of her property without just compensation, but no damages were asked upon this theory.

In no aspect of this case are we justified in holding that the plaintiff's property has been taken for public use. In our opinion, the constitutional provision with reference to taking private property for public use without just compensation has no application to the mere refusal of the town council to grant a building permit, under the circumstances detailed here.

It may be entirely true that the city council of Conway erroneously exercised its judgment, or that it acted under an invalid ordinance; or upon a misconstruction of its authority in its refusal to issue the permit. And under the pleadings it must be taken as true that the plaintiff has suffered damages by reason of that action on the part of council, but the law in its present state affords him no redress in the way of damages for such wrongful act.

Judgment affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and STUKES and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL, concur.