0100

Lucy J. HILL, Respondent, v. The CITY OF HANAHAN, Appellant.
(316 S. E. (2d) 681)

Court of Appeals

*McKay & Guerard,* Columbia, *for appellant.*

*W. Davies Merry, III,* and *Randall M. Chastain,* Columbia, and *Bilbro & Kemp,* Charleston, *for respondent.*

Feb. 27, 1984.

GARDNER, Judge:

Respondent Lucy Hill sued appellant City of Hanahan for inverse condemnation of 3.1 acres of land. The jury returned a verdict for $60,000. We affirm.

Mrs. Hill owns some 5 acres of land in Hanahan zoned by the City for multifamily dwellings. A predecessor in title had allowed the highway department to excavate part of the land, leaving a basin which collected about five feet of water. Lucy Hill or her ex-husband, also a predecessor in title, had filled part of the excavation and erected thereon some multifamily rental units.

In 1974, Mr. Hill had begun filling the remaining 3.1 acres when he was stopped by the City. The City allegedly wanted to use the basin for flood control and drainage. Mrs. Hill insisted that she be permitted to fill the land under her "common

enemy" right to divert water other than natural streams. This action ensued.

When the case came to trial and the jury was drawn, the parties, after testimony was taken and apparently after lengthy conference, stipulated that: (1) twice in the decade of the sixties there was a partial filling of the original entire tract and apartments were built on the land; (2) in 1974, on two separate occasions, Mr. Hill filled in portions of the property; (3) later in 1974, the City's chief of police forbad Mr. Hill from further filling the basin; (4) subsequently, Mr. Hill made numerous requests of the City to rescind its refusal to allow him to fill the basin; (5) pursuant to a storm drainage study by E. M. Seabrook, an engineer employed by the City, and in reliance on his recommendation, the City denied Mr. Hill's request to fill the basin; and (6) the issue of taking be decided by the trial judge.

On the basis of the facts stipulated by the parties, the trial judge ruled that there was a taking by the City of the 3.1 acres of land. He directed a verdict as to liability and submitted the question of damages to the jury. A verdict of $60,000 for Lucy Hill was returned by the jury.

The City made timely motions for summary judgment, directed verdict, judgment n.o.v., and a new trial absolute. All of these motions hinge on whether the stipulated facts establish a compensable taking of the land as a matter of law.

Two questions are presented on appeal: (1) was there a compensable taking by the City of Hill's land and (2) was the verdict excessive?

Learned appellant counsel, Theodore B. Guerard, for whom this court has great respect, contends that the main question on appeal is that the refusal by the City to issue a "fill permit" cannot constitute an unconstitutional taking of land by the City. This argument is incongruous with the situation presented by the record before us, since Mrs. Hill did not seek a "fill permit." There is no state law authorizing a city to issue fill permits nor did the City offer evidence of an ordinance requiring such a permit in the City of Hanahan. Local ordinances are not in this state subject to judicial notice. *Robinson v. Brown,* 260 S. C. 104, 194 S. E. (2d) 249 (1973).

Mrs. Hill complains of affirmative acts taken by the City to prevent her from making lawful use of her land. The city's chief of police, presumably armed, admittedly went to the property and ordered Mr. Hill to cease filling the basin, a right Mr. Hill had under the law of the ownership of land in South Carolina. The clear inference from the record is that during and throughout the negotiations which followed the visit of the chief of police, the City extended the order and insisted that it would not permit Mrs. Hill to use her property in a way she is constitutionally permitted to do so. We quote from the case of *Gasque v. Town of Conway*, 194 S. C. 15, 21-22, 8 S. E. (2d) 871, 873-874 (1940).

> The constitution of this State (Art. 1, Sec. 17) provides that "private property shall not be taken *** for public use without just compensation being first made therefor."
>
> In construing this provision of the Constitution, we have held, along with many other courts, *that an actual physical taking of property is not necessary to entitle its owner to compensation.* A man's property may be taken, within the meaning of this provision, although his title and possession remain undisturbed. To deprive him of the ordinary beneficial use and enjoyment of this property is, in law, equivalent to the taking of it, and is as much a "taking" as though the property itself were actually appropriated. (Emphasis ours.)
>
> Property in a thing consists not merely in its ownership and possession but *in the unrestricted right of use, enjoyment, and disposal. Anything which destroys one or more of these elements of property to that extent destroys the property itself.* It must be conceded that substantial value of property lies in its use. *Henderson v. City of Greenwood,* 172 S. C. 16, 172 S. E. 689. If the right of use be denied, the value of the property is annihilated and *ownership is rendered a barren right.* (Emphasis ours.) The constitutional prohibition against taking private property for public use without just compensation must have been intended to protect all the essential elements of ownership which make property valuable, including, of course, the right of user and the right of enjoyment. . . . What is a "taking" of property within the constitutional

provision is not always clear; but, so far as the general rules are permissible of declaration on the subject, it may be said that there is a taking *where the act involves the actual interference with, or the disturbance of, property rights, resulting in injuries which are not merely consequential or incidental.* . . . (Emphasis ours.)

In *Gasque*, the court held that the refusal to issue a building permit did not constitute a taking; appellant contends that *Gasque* supports its position. We disagree. In *Gasque*, the city had a building permit ordinance and unlike the case before us, there was no physical invasion of Gasque's property by an armed policeman who stopped the owner from using his land as he had a legal right to do. The quoted principles of law announced by *Gasque* buttress rather than weaken Hill's case.

In view of the above, we concur with the ruling of the learned trial judge that there was a taking of Hill's land by the City; this is true even though the City fathers had no malice in acting as they did; the City simply wanted Hill's land for drainage and flood control purposes but this desire simply is not founded in any legal right of the City. We hold there was a taking and that the trial judge committed no error in so holding.

The taking also is a compensable one in this action of inverse condemnation. The basic difference between condemnation and inverse condemnation is that in condemnation proceedings, the governmental entity is the moving party, whereas, in inverse condemnation, the property owner is the moving party. An action for inverse condemnation is proper where a governmental body has decided to take private property for public use. *S. C. State Highway Department v. Moody*, 267 S. C. 130, 226 S. E. (2d) 423 (1976). If the taking is for a lawful public purpose, it is a compensable taking. The trial judge ruled that the taking of Hill's land was for a lawful public purpose. The record abundantly supports this finding. After a careful review of the entire record, we concur with the trial judge in overruling appellant's motions for summary judgment, directed verdict, judgment n.o.v. and a new trial absolute.

Appellant also made a timely motion for a new trial *nisi*. It is contended that the verdict is excessive. We think not. Mrs. Hill testified that she was knowledge-

able about real property values in the neighborhood and that she believed the land to be worth $75,000. Her testimony was admissible. *Seaboard Coast Line R. R. v. Harrelson,* 262 S. C. 43, 202 S. E. (2d) 4 (1974). Further, the jury and judge viewed the property. This viewing may properly have been considered by the jury in evaluating courtroom testimony. *S. C. State Highway Department v. Townsend,* 265 S. C. 253, 217 S. E. (2d) 778 (1975).

The verdict of $60,000 is less than respondent claimed and less than some evidence would indicate the value of the land to have been. We find that the verdict is amply supported by evidence of record. We therefore affirm the overrruling of appellant's motion for a new trial *nisi.* The verdict must stand.

Affirmed.

SANDERS, C. J., and BELL, J., concur.