22128

The STATE, Respondent, v. Arnold CULBREATH, Appellant.
(316 S. E. (2d) 681)

Supreme Court

*Asst. Appellate Defender Tara D. Shurling*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod,* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Robert J. Harte,* Aiken, *for respondent.*

June 7, 1984.

LEWIS, Acting Associate Justice:

The question to be decided in this case is whether Circuit Court Rule 95, requiring a solicitor to take action on a warrant within ninety (90) days after its receipt by him, is jurisdictional so as to deprive the court of jurisdiction in cases where the solicitor fails to act within the ninety (90) day period. The rule itself is silent on the question. The trial judge refused to quash the indictment in this case because of the solicitor's failure to act upon the warrant within ninety (90) days, holding that Rule 95 was administrative and not jurisdictional. We agree and affirm.

Rule 95 is an administrative rule adopted for the purpose of insuring an orderly and prompt disposition of cases in the Court of General Sessions. While the rule is designed to secure a prompt handling of cases, it was not intended to be the criterion for determining whether the constitutional guaranty of a speedy trial has been met.

Therefore, the failure of the solicitor to act upon a ■ warrant within ninety (90) days, as required by Rule 95, does not within itself invalidate a warrant or prevent subsequent prosecution. However, failure to comply with the Rule would subject a solicitor to contempt proceedings.

Judgment affirmed.

LITTLEJOHN, C. J. and NESS, GREGORY and HARWELL, JJ., concur.