13678

McMANUS v. BANK OF GREENWOOD *ET AL.*

(171 S. E., 473)

*Messrs. Grier, Park, McDonald & Todd,* for appellants,

*Mr. J. M. Nickles,* for respondent, 

July 25, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On December 11, 1931, Mrs. Lola McManus, respondent in the present appeal, obtained a judgment against Abbeville-Greenwood Mutual Association, hereinafter referred to as the association, for $1,000.00. On October 17, 1932, the judgment having theretofore been duly entered. Mrs. McManus issued an execution thereon, commanding the sheriff of Greenwood County to satisfy the judgment out of property of the association, "in whose hands soever the same may be." Thereafter, the sheriff went to the Bank of Greenwood, where the association carried a deposit account, and attempted to levy execution on $1,092.72 in the hands of the bank, under the apparent assumption that the association, by virtue of its deposit, was the actual owner of the money. The bank, however, did not surrender possession of any of its funds to the sheriff, but gave to him at the time the following signed paper:

"Receipt is acknowledged of service of execution of the judgment of Mrs. Lola McManus against the Abbeville-Greenwood Mutual Insurance Association in the amount of $1,092.17.

"The above amount is being held by the Bank of Greenwood to the credit of the Abbeville-Greenwood Mutual Insurance Association subject to the aforesaid judgment."

The sheriff made this indorsement on the execution: "I have levied upon the sum of $1,092.17 belonging to the Abbeville-Greenwood Mutual Ins. Assn. now in the hands of

the Bank of Greenwood and that said sum of money is being held by the Bank subject to this levy."

Subsequently, one Arthur Lee by order of Court was appointed receiver of the association. The bank then notified Mrs. McManus that it would not, because of objection made by the receiver, turn over to her or to the sheriff the money in question. She thereupon, for the purpose of compelling payment by the bank, presented her verified petition to Judge Featherstone, who, upon consideration, issued a rule requiring the defendants, appellants here, to show cause before Judge Grimball, at his chambers at Abbeville, on December 15, 1932, why the prayer of the petition should not be granted. By their return the defendants admitted that the association had a deposit credit on the books of the bank for an amount in excess of the sum named in the execution, but alleged that the relation between the bank and the association was that of debtor and creditor, and that the legal title to the funds deposited by the association was in the bank and not subject to levy under execution as was attempted in this case. Judge Grimball, in an order dated December 27, held that the plaintiff was entitled to the relief demanded, and accordingly authorized and directed the Bank of Greenwood to turn over to the sheriff $1,092.72 as prayed for in the petition. From this order the defendants appealed.

The matter of the issuance and levy of executions against property of judgment debtors is provided for by Sections 737–745 of the Code of 1932. Section 744 provides that "executions shall not bind the personal property of the debtor, but personal property shall only be bound by actual attachment or levy thereon for the period of four months from the date of such levy." Under this provision "it is now necessary to issue and levy the execution in order to create a lien." *State v. McCary,* 120 S. C., 361, 113 S. E., 275, 277. It is clear, therefore, that unless there was a valid levy made in the case at bar no lien was created as held in the circuit decree. Judge Grimball's view, as announced in

his order, was that "the action taken by the sheriff on the funds aforesaid was sufficient to constitute a lien thereon and that equity and justice demand that said funds be turned over to the sheriff of Greenwood County for the purpose of satisfying the aforesaid judgment and costs."

We have already indicated the steps taken by the sheriff and need not restate them here. Conceding that he did all that is claimed, still we do not think, for several reasons, that there was a valid levy of the execution. In the first place, the admitted facts do not show that the sheriff reduced *any property of the judgment debtor* to possession or brought it within his immediate control; and this must be done in order to accomplish a levy.

In *Weatherby v. Covington,* 3 Strob. 27, 49 Am. Dec. 623, the Court said: "It is not necessary to a levy that the sheriff should actually seize and keep possession of the goods. It is sufficient if, the goods being in the possession of the defendant and the sheriff having power to take them, with the consent of the defendant, he endorses a levy on the execution. The sheriff must, by some unequivocal act or declaration, assert his title to the goods, under the execution, so that the legal possession and control be manifestly transferred from the defendant to him. It is not material whether the right of possession be acquired by an actual exercise of official authority, or by the voluntary act of the defendant. A written acknowledgment of a levy is as effectual as an actual levy; and if the goods, in either case, remain in the possession of the defendant, he is the bailee of the sheriff."

In *Brian v. Strait,* Dud. 19, the Court further observed: "But in all cases it is essential to a levy, that the officer should have the power to take possession. The goods must not only be under his view, but within his power, and subject to his control. It no more constitutes a good levy to declare his intention, although he may lay his hand upon it, while the property is in the possession of another who re-

fuses to yield it up, than it would to make proclamation of a levy on goods locked up in a house not within his view."

In the present matter there was no acknowledgment of levy by the judgment debtor, and it does not appear from the record that the bank in which it carried its account was its agent for such purpose. Furthermore, it is admitted that the association, as soon as it learned the facts, protested against the attempted levy and the action taken by the bank.

In the second place, we find no provision of the Code, and we have been referred to none, that provides for levy on a chose in action such as a judgment debtor's deposit in a bank—certainly, none that regulates the issuance and levy of executions that would justify the holding that an actual levy was made in this case. It is true that a judgment creditor, by proceedings supplementary to executions, may reach a judgment debtor's bank account. See Chapter 44 of the Code of 1932. Such proceedings, it may be observed, are not a substitute for an execution, but are intended to assist in reaching assets that cannot be reached merely by levy. It is conceded by appellants that the judgment creditor here might have by such proceedings reached the deposit account of the association in the Bank of Greenwood. Answering this suggestion, the respondent contends that her action, by petition and rule to show cause, was in the nature of a supplementary proceeding, and was a sufficient compliance with the law to enforce the payment of the judgment out of funds held by the bank as a deposit of the association. An examination of the petition, however, discloses that the action was not brought in accordance with the statute regulating supplementary proceedings, but was based entirely upon the idea and theory that the acts of the sheriff, coupled with those of the vice-president of the bank, had accomplished a valid levy of the execution. We may observe here too that, in proper cases, the account of a depositor in a bank may also be reached under the attachment statutes. See Chapter 25 of the Code of 1932. But it is clear

that the proceedings in the Court below were not had under these statutes.

■ In the third place, the record indicates that the deposit was a general one, raising the relationship of debtor and creditor between the bank and the association. The contention of appellants, therefore, that the sheriff actually undertook to levy on the property of the Bank of Greenwood is not without merit. See 3 R. C. L., 519; *Leaphart v. Bank,* 45 S. C., 563, 23 S. E., 939, 33 L. R. A., 700, 55 Am. St. Rep., 800.

■ It is urged by the respondent, however, that even if the deposit was not the property of the association, the fund in question was held in trust by the bank and the association for her, having been collected on an assessment levied specifically to pay her loss suffered by fire. This Court has repeatedly held that statements of fact appearing only in argument of counsel will not be considered. If the deposit was a fund of the association held by the bank for a special purpose, it does not so appear from the record. We are of opinion, upon full consideration of the appeal, that the plaintiff was without legal authority to levy the execution as was attempted to be done.

The order appealed from is reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.