24384

CITY OF FOLLY BEACH, Appellant v. ATLANTIC HOUSE PROPERTIES, LTD., Respondent.

(467 S.E. (2d) 928)

Supreme Court

*Ben Peeples,* of *Peeples & Stringer,* Charleston, *for Appellant.*

*John D. Bradley, III,* of *Riesen Law Offices,* Charleston; *Thomas R. Goldstein,* of *Belk, Cobb, Chandler & Goldstein,* Charleston, *both for Respondent.*

Heard Oct. 17, 1995.

Decided Mar. 4, 1996.

TOAL, Justice:

In this action arising out of a condemnation dispute, the City of Folly Beach appeals the trial court's awarding of attorney's fees to the landowner. We reverse.

## FACTUAL/PROCEDURAL HISTORY

Pursuant to the South Carolina Eminent Domain Procedure Act, S.C. Code Ann. § 28-2-10 to -510 (1991), the City of Folly Beach ("Folly Beach") sought to condemn two lots owned by Atlantic House Properties ("Landowner"). Landowner asserted its right to a jury trial. The jury returned a verdict for Landowner in the amount of $250,000. That verdict was affirmed by this Court in *City of Folly Beach v. Atlantic House Properties, Ltd.,* 318 S.C. 450, 458 S.E. (2d) 426 (1995).

After the jury trial, Landowner petitioned for attorneys' fees under S.C. Code Ann. § 28-2-510 (1991). The trial court granted Landowner's petition. Folly Beach appeals, arguing that Landowner was not entitled to attorney's fees under section 28-2-510.

## LAW/ANALYSIS

S.C. Code Ann. § 28-2-510(B)(1) provides in pertinent part: "A landowner who prevails in the trial of a condemnation action, in addition to his compensation for the property, may recover his reasonable litigation expenses. . . ." The statute further states:

For the purpose of this section, "prevails" means that the compensation awarded (other than by settlement) for the property, exclusive of interest, is at least as close to the highest valuation of the property that is attested to at

trial on behalf of the landowner as it is to the highest valuation of the property that is attested to at trial on behalf of the condemnor.

S.C. Code Ann. § 28-2-510(B)(2). Thus, a landowner "prevails" if the difference between the value he offers at trial and the compensation awarded him is less than or equal to the difference between the value the condemnor offers at trial and the compensation awarded landowner.

For example, in *City of N. Charleston v. Claxton*, 315 S.C. 56, 431 S.E. (2d) 610 (Ct. App. 1993), the landowner attested at trial that his property was worth $90,000. The condemnor valued the property at $54,000. The jury awarded compensation of $79,500. The Court of Appeals held that the landowner had prevailed because his $90,000 valuation was closer to the $79,500 in compensation ultimately awarded than was the condemnor's valuation of $54,000 to the compensation.

In the present case, Landowner stipulated at trial that the value of its property was $642,500. Folly Beach testified that the value of the property was $31,000. The compensation awarded by the jury was $250,000. A simple application of section 28-2-510(B) yields the result that $250,000 is not at least as close to the highest valuation of the property that is attested to at trial on behalf of the landowner ($642,500) as it is to the highest valuation of the property that is attested to at trial on behalf of the condemnor ($31,000). Hence, Landowner does not "prevail" and would not be entitled to attorneys' fees.

Landowner contends, however, that Folly Beach's valuation of the property was zero, not $31,000 because Folly Beach's initial tender of payment was zero dollars. Citing historical/philosophical sources, Landowner asserts that because zero is not a number, but is a symbol representing "nothingness," Folly Beach, in fact, made no offer at all. Accordingly, any value attested to by Landowner would be closer to the compensation ultimately awarded than would Folly Beach's "non-offer." We reject Landowner's argument for two reasons. First, although it is true that Folly Beach offered Landowner zero dollars in its initial written tender of payment, S.C. Code Ann. § 28-2-510(B)(2) refers to valuation "attested to at trial" and not that which is set forth in the tender of payment. The value testified to at trial provides the basis for the calculation

under the statute. Second, we decline to hold that zero is not a number.

We are, however, disturbed by the fact that Landowner will have to bear its own attorneys' fees when it was initially offered zero dollars for its property. Although Folly Beach did at trial attest that the highest value of the property was $31,000, its written condemnation notice and tender of payment offered Landowner zero dollars. Concomitant with the condemnor's power of eminent domain is the duty to offer just compensation. *See* S.C. Const. Art. I, § 13. It would be an affront to any landowner to have his private property condemned, be offered zero dollars for the property, and then be further required to pay the attorneys' fee arising out of the condemnation action. We do not believe this was the intention of the Legislature when it formulated. S.C. Code Ann. § 28-2-510. In the present case, however, we are constrained by the explicit terms of the statute. "Where the terms of the statute are clear, the court must apply those terms according to their literal meaning." *Paschal v. State of S.C. Election Comm'n*, 317 S.C. 434, 436, 454 S.E. (2d) 890, 892 (1995). Therefore, even though section 28-2-510 was designed to recompense prevailing landowners for attorneys' fees incurred in condemnation actions, unfortunately, the statute does not allow for relief in the present case.

## CONCLUSION

For the foregoing reasons, the order of the trial court is REVERSED.

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.