516 S.E.2d 3

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Respondent,**

v.

**Jerry Lee RICHARDSON, Landowner, and South Carolina Federal Savings Bank, Mortgagee, Other Condemnee,**

**of whom Jerry Lee Richardson, is the Appellant.**

No. 2971.

Court of Appeals of South Carolina.

Heard Feb. 10, 1999.

Decided April 5, 1999.

Rehearing Denied June 5, 1999.

Certiorari Denied Oct. 11, 1999.

---

Paul A. Dominick, of Nexsen, Pruet, Jacobs, Pollard & Robinson, of Charleston, for appellant.

Natalie J. Moore, of SC Department of Transportation, of Columbia, for respondent.

STILWELL, Judge:

In this condemnation action, a jury awarded Jerry Lee Richardson $500,000 as just compensation for the taking of his property. The trial court, however, denied Richardson's request for litigation costs. Richardson appeals the denial. We affirm.

## FACTS

The South Carolina Department of Transportation condemned 6.9 acres of Richardson's 26.20 acre tract located on Hilton Head Island. The property was in the path of the Cross–Island Expressway.

Richardson's expert witness testified the appropriate amount for Richardson's just compensation was approximately $415,000 which included the value of the 6.9 acres taken and the damage to the remaining property. Richardson testified he believed his damages were between $650,000 and $2,000,-000.[1] After Richardson testified, his attorney, out of the

---

1. On direct, Richardson's counsel questioned Richardson about the damages he suffered as a result of the condemnation:

   Q. All right, and as far as the property that's being actually taken by the highway department and the damage that you've testified to go to the remainder pieces of the property do you have an opinion of the amount of dollars that you have been damaged by this highway project?

   A. I have a, you know, a ballpark figure from low to high but, you know, what the actual damage.

   Q. Well, what is—what is your opinion?

presence of the jury, stipulated the maximum recovery Richardson sought was $782,000. The Department's expert witness testified the total amount of the damages Richardson suffered was $210,000. The jury returned a verdict of $500,-000. During his closing argument, Richardson's attorney told the jury that the evidence supported damages between $415,-000 and $782,000.

Afterward, Richardson petitioned the court for litigation expenses as the prevailing party pursuant to S.C.Code Ann. § 28-2-510 (1991). The trial court found that the highest valuation attested to on behalf of the landowner was $2,000,-000, while the highest valuation attested to on behalf of the Department was $210,000. The court therefore held Richardson was not entitled to litigation expenses under § 28-2-510.

## DISCUSSION

### I.

■ Richardson first argues that his expert's valuation of $415,000 rather than his own valuation of $2,000,000 should be the operative figure in determining whether he was entitled to litigation expenses as the prevailing party. We disagree.

Section 28-2-510 allows a landowner who prevails in a condemnation action to recover his reasonable litigation expenses. S.C.Code Ann. § 28-2-510(B)(1) (1991). The section further provides,

For the purpose of this section, "prevails" means that the compensation awarded (other than by settlement) for the property, exclusive of interest, is at least as close to the highest valuation of the property that is attested to at trial on behalf of the landowner as it is to the highest valuation of

---

A. Well, the lowest would be around $650,000.00 and the highest would be about two million.

Q. All right.

A. According to our figures and our engineer's figures, our banker's figures.

Q. All right, sir. Well, I'm asking for you—

A. Yeah, that's my opinion.

Q. Between $650,000 and two million dollars?

the property that is attested to at trial on behalf of the condemnor.

S.C.Code Ann. § 28–2–510(B)(2) (1991).

Richardson asserts his testimony was not an attestation of value as to the property taken but was his estimate of lost profits related to a planned development. Richardson's testimony at trial, however, was not so limited.

■ To determine just compensation, "only the value of the property to be taken, any diminution in the value of the landowner's remaining property, and any benefits as provided in § 28–2–360 may be considered." S.C.Code Ann. § 28–2–370 (1991). However, the landowner is entitled to the value of property under its most advantageous or profitable use, including any use reasonably anticipated in the near future. *City of N. Charleston v. Claxton*, 315 S.C. 56, 431 S.E.2d 610 (Ct.App.1993).

■ As the landowner, Richardson was competent to give his opinion as to the value of the land and his damages. *See Seaboard Coast Line R.R. v. Harrelson*, 262 S.C. 43, 46, 202 S.E.2d 4, 5 (1974) ("Ours is in accord with the general rule that a landowner, who is familiar with his property and its value, is allowed to give his estimate as to the value of the land and damages thereto, even though he is not an expert."); *Hawkins v. Greenwood Dev. Corp.*, 328 S.C. 585, 493 S.E.2d 875 (Ct.App.1997), *cert. denied* (Oct. 9, 1998) (an owner of property is competent to testify as to its value).

Richardson's testimony before the jury was that the damages he suffered from the highway project were from $650,000 to $2,000,000. Furthermore, if, as Richardson argues, his expert's valuation was the highest attestation of value offered on his behalf, the evidence would not support the jury's verdict.

## II.

4] Richardson alternatively asserts that his attorney's statements to the court and to the jury that $782,000 was the maximum award allowed also established his maximum for purposes of § 28–2–510. We disagree.

Outside the presence of the jury, Richardson's attorney told the court "for purposes of the case we're stipulating that our damages are $782,000.00 as a maximum and any award above that would be subject to remittitur."

In closing argument, Richardson's counsel told the jury,

Mr. Richardson would like to get two million dollars for the property, sure he would. He didn't want to have to give up his property to start with but the numbers we've shown you are what we think the evidence—the evidence supports the value between 415 and $782,000.00 and we believe that is fair, that is just.

Richardson asserts these statements are stipulations that set the maximum amount testified to at trial for purposes of § 28-2-510. In another condemnation case, the supreme court considered the value which a landowner "stipulated" at trial as the basis for determining the prevailing party. *City of Folly Beach v. Atlantic House Properties, Ltd.*, 321 S.C. 241, 467 S.E.2d 928 (1996). The landowner's stipulation at trial as to the value of its property, however, was no different from the highest value of the property attested to at trial. *Id.* at 243, 467 S.E.2d at 929. Furthermore, the supreme court specifically noted that the "value testified to at trial provides the basis" to determine who prevails under § 28-2-510(B)(2). *Id.* at 243–44, 467 S.E.2d at 929.

Here, Richardson's testimony was the highest valuation introduced into evidence, not the stipulation. A different question would be presented had the Department joined in the stipulation and agreed to submit it to the jury as the highest evidence of value on Richardson's behalf. In that event, there would have been a bilateral agreement rather than the unilateral admission made by Richardson in this case.

Our supreme court has defined a stipulation as,

an agreement, admission or concession made in judicial proceedings by the parties thereto or their attorneys. Stipulations, of course, are binding upon those who make them. A stipulation is an agreement, an understanding. The court must construe it like a contract, i.e., interpret it in a manner consistent with the parties' intentions.

*See Porter v. South Carolina Pub. Serv. Comm'n*, 333 S.C. 12, 29–30, 507 S.E.2d 328, 337 (1998) (internal citations and quota-

tions omitted); *see also State v. Anderson*, 318 S.C. 395, 399–400, 458 S.E.2d 56, 58 (Ct.App.1995) ("Generally, a stipulation is an agreement between the parties to which there must be mutual assent." (quoting *State v. Parra*, 122 Wash.2d 590, 859 P.2d 1231, 1238 (1993))); Black's Law Dictionary 1415 (6th ed.1990) (defining a stipulation as a "[v]oluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate need for proof or to narrow range of litigable issues.").

A landowner is not precluded from conceding or stipulating the maximum damage award in a condemnation action but, in order to receive costs as the prevailing party, no evidence of damages in excess of that amount should be before the jury.

**AFFIRMED.**

HOWELL, C.J., and ANDERSON, J., concur.