590 S.E.2d 511

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Appellant,**

v.

**Jan R. THOMPSON, f/k/a Jan R. Hardee, Respondent.**

**No. 3705.**

Court of Appeals of South Carolina.

Submitted Oct. 6, 2003.

Decided Dec. 8, 2003.

Rehearing Denied Jan. 22, 2004.

B. Michael Brackett, of Columbia, for Appellant.

Howell V. Bellamy, Jr. and Robert S. Shelton, both of Myrtle Beach, for Respondent.

GOOLSBY, J.:

Jan R. Thompson brought this action seeking compensation for property condemned by the South Carolina Department of Transportation (SCDOT). Thompson received a jury award of $38,000. The trial court awarded Thompson attorney's fees and costs pursuant to S.C.Code Ann. § 28–2–510(B) (1991), finding she was the prevailing party as required by the statute. SCDOT appeals. We affirm.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

SCDOT condemned a portion of Thompson's property in Horry County in order to construct the Conway Bypass. Prior to the condemnation, Thompson owned 10.04 acres. As a result of the condemnation of 3.35 acres, Thompson's land was split into two tracts totaling 6.69 acres.

At trial, SCDOT presented testimony that the value of the condemned land was only $6,821. That value was much less than the value given by Thompson's appraiser, who testified the property was worth $33,500. Thompson testified that she believed the property was worth $8,000 per acre and that the remaining 6.69 acres were damaged by either 50 or 60 per cent. The highest resulting compensation would therefore be $58,912.[2]

During cross-examination, SCDOT's counsel asked Thompson about a statement in her deposition regarding the value of the property. Thompson admitted that during her deposition testimony she had stated the property was worth $15,000 to $20,000 per acre, instead of the $8,000 she testified to at trial. This would have produced a high valuation of $147,280, using $20,000 per acre and additionally assuming the damage to the remainder of the land was 60 per cent.

At trial, however, Thompson asserted that the value was only $8,000 per acre. She explained, "It's Eight Thousand, because at that time I was really upset . . . about the taking of my land, and the way it was left, and I've had time to think about it, and I've gone back down and looked at it a lot more, and I think, to be fair and reasonable, Eight Thousand is better."

After the jury returned a verdict for Thompson for $38,000 in total compensation, the trial court found she was the prevailing party and awarded her litigation expenses of $13,159.36. The court reasoned the verdict was closer to Thompson's value attested to at trial of $8,000 per acre (plus the damage to the remainder at 50 to 60 per cent) than SCDOT's highest valuation of $6,821 in total compensation.

---

2. This sum is calculated as follows: (3.35 condemned acres × $8,000 per acre) + (6.69 remaining acres × 60 per cent damage × $8,000 per acre).

Moreover, the court found Thompson had expressly disavowed the value she had placed on the property in her deposition testimony; therefore, it was not the highest value attested to at trial by Thompson.

## LAW/ANALYSIS

### I. Value in Deposition Testimony

SCDOT contends the trial court erred in finding Thompson was entitled to litigation expenses as the prevailing party. Specifically, SCDOT maintains the highest value attested to by Thompson was the amount stated in her deposition, $15,000 to $20,000 per acre, which would have given a high valuation of $147,280, thus making SCDOT's valuation of $6,821 closer to the actual jury verdict of $38,000.[3]  We disagree.

After a condemnation action is concluded, the landowner may petition for litigation expenses pursuant to section 28–2–510(B)(1), which provides: "A landowner who prevails in the trial of a condemnation action, in addition to his compensation for the property, may recover his reasonable litigation expenses...."[4]

The statute defines "prevails" as follows:

For the purpose of this section, "prevails" means that the compensation awarded (other than by settlement) for the property, exclusive of interest, is at least as close to the highest valuation of the property that is *attested to at trial* on behalf of the landowner as it is to the highest valuation of the property that is *attested to at trial* on behalf of the condemnor.[5]

The South Carolina Supreme Court has further defined the meaning of "prevails" in the case of *City of Folly Beach v. Atlantic House Properties, Ltd.*, stating "a landowner 'pre-

---

3.  In the order awarding Thompson litigation expenses as the prevailing party, the trial court incorrectly stated the highest value attested to at trial by Thompson was $48,192 instead of $58,912.  Even when the correct figure is used, however, the jury's verdict was closer to the value testified to by Thompson than the value asserted by SCDOT.

4.  S.C.Code Ann. § 28–2–510(B)(1) (1991).

5.  *Id.* § 28–2–510(B)(2) (emphasis added).

vails' if the difference between the value he offers at trial and the compensation awarded him is less than or equal to the difference between the value the condemnor offers at trial and the compensation awarded landowner." [6]

The central issue in this case turns on whether the value placed on the property in Thompson's deposition was ever "attested to at trial" by Thompson. We conclude the higher value of $15,000 to $20,000 per acre was not "attested to at trial" on behalf of the landowner as required by the statute.

■ SCDOT offered the testimony regarding the $15,000 to $20,000 per acre valuation in an attempt to discredit the testimony of Thompson. Thompson did not offer the deposition testimony as a reasonable value for compensation for the condemned property. Thompson unequivocally and expressly testified that the value she was utilizing at trial was $8,000 per acre and that the value she testified to in her deposition was not accurate and was the result of her emotions. Based upon the wording of the statute, we hold Thompson only attested to the $8,000 per acre value at trial and that is the amount to be used in determining whether she was the prevailing party so as to entitle her to litigation expenses.

## II. Reference to Value in Closing Argument

SCDOT further contends that Thompson's attorney used the higher valuation in his closing argument and therefore it should be used in determining whether Thompson was the prevailing party.[7] We disagree.

■ Arguments made by counsel are not evidence.[8] Additionally, the statements clearly do not constitute an attesta-

---

6. 321 S.C. 241, 243, 467 S.E.2d 928, 929 (1996).

7. In closing argument, SCDOT's counsel specifically brought up Thompson's prior deposition testimony in an attempt to discredit her property valuation at trial. In response to this argument, Thompson's attorney again asserted that Thompson was not asking for that amount, but argued if the jury wanted to send a message to SCDOT about fairness, they could give her what opposing counsel was stating.

8. *McManus v. Bank of Greenwood*, 171 S.C. 84, 89, 171 S.E. 473, 475 (1933) ("This court has repeatedly held that statements of fact appearing only in argument of counsel will not be considered."); *see also*

tion at trial as required by the statute. Thus, this issue provides no basis for reversing the award of litigation expenses to Thompson.[9]

**AFFIRMED.**

HUFF and BEATTY, JJ., concur.

*Sessions v. Withers,* 327 S.C. 409, 488 S.E.2d 888 (Ct.App.1997); *Gilmore v. Ivey,* 290 S.C. 53, 348 S.E.2d 180 (Ct.App.1986).

9. *Cf. South Carolina Dep't of Transp. v. Richardson,* 335 S.C. 278, 516 S.E.2d 3 (Ct.App.1999) (rejecting a party's assertion that his own attorney's statements to the court and to the jury constituted the value attested to at trial for purposes of section 28–2–510(B)).