THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Bruce S. Morris,       
Appellant.
 
 
 

Appeal From Spartanburg County
Larry R. Patterson Circuit Court Judge

Unpublished Opinion No. 2004-UP-318
Submitted March 19, 2004  Filed May 
 13, 2004   

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, Office of Appellate 
 Defense, of Columbia, for Appellant.
Legal Counsel J. Benjamin Aplin, South Carolina Department 
 of Probation, Parole and Pardon Services, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Bruce S. Morris appeals, contending 
 the sentencing court relied on invalid considerations in revoking his probation 
 for breach of the conditions of probation.  We affirm.[1]
BACKGROUND
Following Morris pleas on February 28, 2002, to 
 two separate indictments for financial identity fraud, the Honorable Gary E. 
 Clary sentenced Morris to two concurrent ten-year terms of imprisonment, suspended 
 the sentences, and placed him on probation for five years.  Several months later, 
 in October 2002, Morris appeared before the Honorable John Few, charged with 
 violating the terms of his probation.  Judge Few found him in violation of several 
 conditions and special conditions, but continued Morris probation as long as 
 he either maintained full-time employment or was a full-time college student.   

On May 30, 2003, Morris appeared before the Honorable 
 Larry R. Patterson, again charged with violating the conditions of his probation.  
 More specifically, the probation citations charged him with (1) failing to report 
 as instructed; (2) failing to pay supervision fees arrearage; (3) failing to 
 pay court-ordered costs and assessments arrearage; (4) failing to pay restitution 
 arrearage; and (5) failing to follow the advice and instruction of the supervising 
 agent.  Judge Patterson revoked Morris probation and reinstated the original 
 ten-year sentences.  He later denied Morris motion to reconsider the revocation.
FACTS
At the revocation hearing, the probation 
 officer listed the conditions of Morris probation that he allegedly violated.  
 Among other things, he reported that Morris had paid nine hundred dollars on 
 restitution to date, leaving him with [an] arrearage of $465.00, and a balance 
 of $6,680.97.  Afterward, Jack Millwood, the victim of one of Morris financial 
 identity fraud transactions for which Morris was convicted, addressed Judge 
 Patterson and expressed dissatisfaction with the criminal justice system and 
 the manner in which it had handled the case.  The victim in the other case, 
 Joseph A. Nyitray, did not attend the hearing.  
For his part, Morris attorney related Morris had 
 a full-time job and had recently paid $1,500 in college tuition.  
At the end of the hearing, Judge Patterson 
 said, [Morris] should of [sic] paid this man his money that he stole 
 from him rather than paying the college tuition.  Im revoking it in full.  
 Morris thereafter moved Judge Patterson to reconsider his action, claiming significant 
 factual and legal matters either not considered or not fully considered by 
 him warranted the revocation order being vacated or modified.
 A subsequent hearing on the motion to 
 reconsider left the revocation intact.  Judge Patterson said he had based the 
 order of revocation on Morris failure to report and his choice to pay college 
 tuition rather than satisfy his restitution obligation.2  

LAW/ANALYSIS
The decision to revoke probation is addressed 
 to the sound discretion of the sentencing judge.  State v. Hamilton, 
 333 S.C. 642, 511 S.E.2d 94 (Ct. App. 1999).  
We cannot say, based on the record before 
 us, that the sentencing judge abused his discretion in this instance.  Morris 
 basic complaint on appeal is that he owed nothing to . . . Millwood at the 
 time of his revocation hearing. Nothing in the record, however, supports this 
 assertion other than defense counsels own statement, which he made in argument 
 at the sentence reconsideration hearing, that the court may have based its 
 decision, in whole or in part, on a mistaken belief that [Millwood] . . . was, 
 in fact, the victim who was aggrieved by the alleged failure to pay restitution 
 as ordered.  Certainly, no evidence supports it.  Cf. McManus v. 
 Bank of Greenwood, 171 S.C. 84, 171 S.E. 473 (1933) (stating a court cannot 
 consider statements of fact appearing only in argument of counsel).
Moreover, the sentencing judges statement that 
 [Morris] should have paid this man his money that he stole from him rather 
 than paying the college tuition did not identify Millwood as the victim aggrieved 
 by Morris failure to pay restitution and could just as well have referred to 
 Nyitray.  As we read the sentencing judges remarks, he simply expressed concern 
 that Morris chose to pay his college tuition rather than pay toward the amount 
 he owed in restitution, a sum that totaled $6,680.97 on the date of the probation 
 revocation hearing and of which sum he owed $465.00 in arrears. 
We do not reach the issue of whether the 
 sentencing judges finding that Morris had failed to report as instructed, a 
 finding Morris does not challenge on appeal, alone would support the sentencing 
 judges decision to revoke Morris probation.         
AFFIRMED.
GOOLSBY, HOWARD, and BEATTY, JJ., concur. 

 
 [1]  
 Because oral argument would not aid the court in resolving the issues 
 on appeal, we decide this case without oral argument pursuant to Rules 215 
 and 220(b)(2), SCACR.

 
 2 The sentencing judge stated at the hearing on the 
 motion to reconsider, I . . . found [a] failure to pay his restitution . 
 . .  and he failed to report.