THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Don Lucas and Jean Lucas, Respondents,
v.
Glenn E. Vanover, Appellant.
 
 
 

Appeal from Lexington County
  Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2006-UP-233
Heard April 6, 2006  Filed April 27, 2006

AFFIRMED

 
 
 
Holly Palmer Beeson, of Columbia, for Appellant.
Andrew Potter and Gary H. Johnson, II, of Columbia, for Respondents.
 
 
 

PER CURIAM:  Don and Jean Lucas brought suit against Glenn Vanover for damages to their vehicle stemming from an automobile accident.  Vanover appeals the award, and contends the circuit court erred in admitting the vehicle owners testimony concerning the amount of damages, expert witness testimony concerning supplemental repair costs, and attorney statements from the accident report concerning the speeds of the vehicles.  We affirm.  
FACTS
The Lucases vehicle was struck by Vanover when he crossed the center line of the roadway while under the influence of alcohol.  The Lucases filed a complaint seeking property damage against Vanover.  Vanover appeared and filed an answer stipulating to his negligence and admitting fault.  Following an order granting summary judgment as to liability in favor of the Lucases, the circuit court held a damages hearing.  
At the hearing on damages, Mr. Lucas testified that his 2001 Chevrolet Impala 4-door sedan was totaled and that his wife had to be cut from the car.  Without objection, he testified to the negotiations he had with his insurance company to settle on the amount of damage.  As a result of these negotiations, the Lucases were paid $24,800 for the vehicle.  In addition, Mr. Lucas testified that towing and storage fees were incurred in the amount of $385, but there was a salvage value of the vehicle of $2,650.  
To contest the amount of damages claimed by the Lucases, Vanover presented the testimony of David Holder, an expert appraiser, who opined that the car could have been repaired for approximately $11,338.  Holder opined that the car did not meet the threshold for a total loss.  Holder testified there may be supplements, meaning additional damage, discovered once repairs were initiated.  The Lucases counsel asked Holder whether the supplements could have added $7,000 to $10,000 to the repair bill, to which Holder replied, over Vanovers objection, that his estimate of the supplements would be an additional $500 to $1,000.  Finally, Holder acknowledged that he could not testify as to the extent of the diminution of value of the car, but admitted there would be diminished value to the relatively new car.  
At the conclusion of the hearing, the circuit court asked a series of questions, one of which was answered by the Lucases lawyer:  

Court:  How fast were the cars traveling?  
Counsel for the Lucases:  Judge, according to the wreck report - - 
Counsel for Vanover:  Your Honor, I would just object to that coming in.  Theres no Trooper here to testify.  The parties did not testify about how fast - - 
Court:  They should have.  That goes directly to the amount of damage that was done to the car.  I think as the factfinder, Im entitled  really, I probably shouldve asked them those questions when they were on the stand, but I didnt.  But Im going to ask your expert a couple other questions too.  

After another objection, the circuit court added that what hes going to tell me [concerning the speeds of the vehicles] is just to satisfy my curiosity.  The attorney answered the circuit courts question:

Counsel for the Lucases:  Judge the wreck report indicates that our insured [the Lucases] was driving 50 miles an hour and the otherthe defendant [Vanover], according to the wreck report, was doing 70, if Im reading this correctly.

In its findings of fact, and during the hearing for the motion for reconsideration, the circuit court repeatedly stated that it had not given the speed of the vehicles any weight.
The circuit court determined the amount of damages to be $22,535.  Vanovers motion to reconsider and alter or amend the judgment was subsequently denied.  This appeal centers around the evidence presented to support the circuit courts determination of damages.  
STANDARD OF REVIEW
The admission of evidence is within the circuit courts discretion.  R & G Constr., Inc. v. Lowcountry Regl Transp. Auth., 343 S.C. 424, 439, 540 S.E.2d 113, 121 (Ct. App. 2000).  The courts ruling to admit or exclude evidence will only be reversed if it constitutes an abuse of discretion amounting to an error of law.  Elledge v. Richland/Lexington Sch. Dist. Five, 352 S.C. 179, 185, 573 S.E.2d 789, 792 (2002); see also Whaley v. CSX Transp., Inc., 362 S.C. 456, 483, 609 S.E.2d 286, 300 (2005) (observing admission of evidence
will not be reversed absent an abuse of discretion).  The circuit courts decision will not be reversed on appeal unless it appears the court clearly abused its discretion and the objecting party was prejudiced by the decision.  S.C. Prop. & Cas. Guar. Assn v. Yensen, 345 S.C. 512, 524, 548 S.E.2d 880, 886 (Ct. App. 2001).
LAW/ANALYSIS
I.                 
Total Loss 
Vanover contends the circuit court erred in allowing Lucas to testify as to the damage to the vehicle, specifically whether the vehicle was totaled, when the matter required specific, technical and specialized knowledge to understand the evidence presented and because such testimony lies strictly within the province of an expert.[1]  We disagree.  
 It is well settled in South Carolina that an owner of property may testify concerning its value and damages.  See, e.g., Waites v. S.C. Windstorm & Hail Underwriting Assn, 279 S.C. 362, 366, 307 S.E.2d 223, 225 (1983) (stating that an owner may testify as to the extent of rain and windstorm damage); Hawkins v. Greenwood Dev. Corp., 328 S.C. 585, 594-95, 493 S.E.2d 875, 880 (Ct. App. 1997) (stating an owner may testify to the diminished value of his real property for failure to develop a proposed road); Hill v. City of Hanahan, 281 S.C. 527, 531-32, 316 S.E.2d 681, 684 (Ct. App. 1984) (stating that an owner may testify as to the value of real property taken in a condemnation setting).  This is not only the accepted rule in South Carolina jurisprudence, but it is also contemplated under the rules of evidence.  Rule 701, SCRE, provides for opinions or inferences by a laymen which: (a) are rationally based on the perception of the witness, (b) are helpful to a clear understanding of the witness testimony or the determination of a fact in issue, and (c) do not require special knowledge, skill, experience or training.  Furthermore, conclusions or opinions of laymen should be rejected only when they are superfluous in the sense that they will be of no value to the jury.  Small v. Pioneer Mach., Inc., 329 S.C. 448, 468, 494 S.E.2d 835, 845 (Ct. App. 1997).  
As the owner of the car, Mr. Lucas was qualified to testify concerning its value after the wreck.  Accordingly, the circuit court did not abuse its discretion by admitting his testimony that the car was totaled. 
II.              
Speculative Testimony of Expert Witness 
Vanover contends the circuit court erred in instructing Holder, his expert witness, to provide speculative testimony as to the supplemental repairs to the vehicle.  We disagree.  
The admission or exclusion of expert testimony is a matter within the sound discretion of the circuit court.  Fields v. Regional Medical Center Orangeburg, 363 S.C. 19, 25, 609 S.E.2d 506, 509 (2005).  The circuit courts decision will not be disturbed on appeal absent an abuse of discretion.  Pike v. S.C. Dept. of Transp., 343 S.C. 224, 234, 540 S.E.2d 87, 92 (2000).
Contrary to Vanovers assertion, Holder never speculated as to the costs of supplemental repairs; rather, Holder testified that supplemental repairs were likely.  He was qualified to provide an opinion regarding the initial costs of repairs, and was therefore able to provide an opinion regarding the likelihood additional repairs would be necessary.  
Moreover, when asked if those supplements could have added another $7,000 to $10,000 to the repair estimate, Holder stated that in his opinion, the supplements would have been limited to a range of $500 to $1,000 based upon his original appraisal.  This answer supported Vanovers argument.  Thus, even if we found error in the admission of the experts opinion on the dollar amounts for the supplemental repairs, Vanover has failed to demonstrate any prejudice resulting from the admission.  Accordingly, we find the circuit court did not abuse its discretion in allowing Holders testimony regarding supplemental repairs.   
III.          
Vehicle Speed 
Vanover contends the circuit court erred in permitting the Lucases attorney to respond to the courts inquiry concerning the speeds of the vehicles at the time of the accident.  Specifically, Vanover relies on the proposition that under section 56-5-1290 of the South Carolina Code (Supp. 2005), no accident report may be evidence of the negligence or due care of either party at the trial of any action at law to recover damages.  We agree the information read from the accident report was inadmissible but find no reversible error.
Initially, we note that comments or arguments made by counsel are not evidence.  See McManus v. City of Greenwood, 171 S.C. 84, 89, 171 S.E.2d 473, 475 (1933) (holding statements of fact
appearing only in argument of counsel will not be considered as evidence); South Carolina Dept. of Transp. v. Thompson, 357 S.C. 101, 106, 590 S.E.2d 511, 513 (Ct. App. 2003) (Arguments made by counsel are not evidence.).  Moreover, in Brown v. Allstate, our supreme court set forth the role of a circuit court sitting without a jury:  

According to the [lower court], if incompetent evidence is admitted on the ultimate issue of the trial, the trial judge must affirmatively reject this evidence, even if it is clear he is making a judgment based on competent evidence in the record.  We reject this rule because it would require trial judges to rule on all admitted evidence in a bench trial.  A trial judges role in a bench trial is to admit all evidence and then evaluate it in a non-jury setting.  The [lower courts] rule is, therefore, unnecessarily burdensome and would inhibit the trial judges ability to evaluate the evidence and ascertain the truth.

344 S.C. 21, 27, 542 S.E.2d 723, 726 (2001) (emphasis added).  
Therefore, under Brown v. Allstate, the role of the circuit court in this matter was to admit all evidence, admissible or inadmissible, and then evaluate it as the fact finder.  The Brown v. Allstate rule does not require the circuit court to make an affirmative statement that it did not rely on the incompetent evidence in rendering its decision.  Brown v. Allstate requires only that the circuit court reference the competent evidence it used in reaching its decision in its order.  
Here, the circuit court admitted all the evidence, competent and incompetent, introduced at the trial.  In its findings of fact, and during the hearing on the motion for reconsideration, the circuit court repeatedly stated that it had not given the speed of the vehicles any weight.  The order of the circuit court cited only the competent evidence it relied on in formulating the amount of damages, and under the principle established in Brown v. Allstate, it should be affirmed.
CONCLUSION
Therefore, the circuit courts decision is 
AFFIRMED.
HEARN, C.J., and ANDERSON and KITTREDGE, JJ. concur.  

[1] Vanover has cited no case to support his claim that declaring property a total loss is in the sole purview of expert testimony.