**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Vivian B. Cromwell, Susan Prioleau Simmons, Ruth Nelson Gadsden, Robert Blake Brisbane and Mildred Chapman, Plaintiffs,

v.

Alberta Brisbane, Jeanie Geathers, LeRoy Brisbane, Francena B. Lawton, James B. Watson, Helen Davis, Rosalee Simmons, LaVerne Hamilton, Minerva Gadsden, Daniel Simmons, Jr., Mary Mosely, Horace Robinson, Jr., James Robinson, Henry Robinson, Avis D. Robinson a/k/a Avis Robertson, Dora Robinson, Jamie Williams, Desiree Williams, Mark Williams, Grace Ettison, Dannion Jordan, Ronald Williams, William Drayton, Keith Drayton, Jerome Hopkins, Joseph Hopkins, Jr., Tracy Hopkins, Alethia Gillian, Samuel Brown, Jeannette Brown, Arthur Brown, Antonio Brown, Dwayne Brown, Polly Brown, Keith Brown, Kenny Brown, Dexter Brown, Marie Brown, Starcia Stewart, James L. Brown, Jr., Glen Brown, Ernestine Brown, Veronica Brown, Calvin Brown, Jr., Harold Brown, Jr., Mary Anne Brisbane, Harvey Brisbane, Jr., Danny Bolds, Raymond Bolds, Michael Bolds, David Bolds, Carolyn Logan, Mary Jane Brown, Miriam Grant a/k/a Muriel Grant, Edward Grant, Jr., Gilbert Grante, Perry Grant, Junata O'Kieffe, Martha Lions, Margie Marine, Gurtha Forrest, Gloria Gibbs, Christopher Gathers, John D. Heyward, Allen Mitchell, Jr., Tiffany N. Daley, Michael S. Mitchell, Allen Mitchell, III, Frederica Coleman, Dorothy Boykin, Lavinia Brisbane, Clarence Brisbane, Jr., Betty Brisbane, Fred Brisbane, Evelyn Palmer, Mary Brisbane, Carl Brisbane, Carlotta Bickham, George

Brisbane, Elias Brisbane, Maxine Brisbane, Evan Brisbane, Jesse Simmons, Jr., Odell White, Christina Hartfield, Sarah Mitchell, Arthur Albert Mitchell, Suzanne Mitchell, Olethia Gadsen, Wand Mitchell Harley, Arthur Mitchell, Jr., Benjamin Mitchell, Barbara Johnson, Diane B. Samuel, Kathy L. Nelson, Thelma E. Nelson, Carolyn Singleton, LaMotta Nelson, Rodney Nelson, Jerome Hopkins, Joseph Hopkins, Jr., Tracy Hopkins, Lottie Brown, Sylvia Johnson, Raymon Brown, Ronald Brown, Bernard Frasier, Barry Frasier, Kelvin Frasier, Marie Richardson, Delores Richardson, William Richardson, Robert Heyward, Katina Heyward, Valorie Heyward, Karvin Dotson, Youlonda Brisbane, Kermit Brisbane, Meka Brisbane, Jermaine Brisbane, Peggy Nelson, Joseph Elliott, Cynthia Elliott, Jackie Elliott, Net Elliott, Stephanie Elliott, Rodney Elliott, Nancy Brisbane, William Albert Brisbane, Jr., Bernard Brisbane, Gary Brisbane, Bonnie Brisbane, Jametta Brisbane Hamilton, Elizabeth Hamilton, and Rosetta B. Brown, John Doe, adults, and Richard Roe, infants, insane persons, incompetents, and persons in the military service of the United States of America, being fictitious names designating as a class any unknown person or persons who may be an heir, distributee, devisee, legatee, widower, widow, assign, administrator, executor, creditor, successor, personal representative, issue, or alienee of James Brisbane, James Brisbane, Jr., James Brisbane, III, Jimmy Brisbane, Emily Brown, Harvey Brisbane, Rosa Robinson, Henrietta Brisbane Geathers, Laura Geathers, Geneva Grant, Viola Heyward, Henrietta Bolds, Estelle Nelson, Swackie Brisbane, Wilhemenia Young, Roxanna Pinckney, Daniel Simmons, Horace Robinson, Elizabeth Williams, Mabel Robinson, Julian Robinson, Patricia Williams, Albertha Graham, Joseph E. Hopkins, Emily Brown, Steve Brown, Steve Brown, Jr., Roger Brown, James LeRoy Brown, Harold Brown, Theodore Heyward, Theodore Heyward, Jr., Mary E. Mitchell, James Heyward, Clarence Brisbane, Swackie Brisbane, Jr., Susan Richardson, Janie Simmons a/k/a Janie Richardson Brisbane, Ruby Mitchell, Jesse

Simmons, William Nelson, Ruth Hopkins, Thomas Brown, Wilhemenia Frasier, Helen Brown Allen, Albertha Lee Richardson, Louise Heyward, Herbert Lee Heyward, Loretta Brisbane, Gail Davis, William Nelson, Jr., Edward Grant, Sr., Eartha Lee Elliott, William Albert Brisbane, Betty Manigault, Steven Christopher Brown, and Rosetta Brisbane all of whom are deceased, and any or all other persons or legal entities, known and unknown, claiming any right, title, interest or estate in or lien upon the parcel of real estate described in the Lis Pendens and Complaint herein filed, Defendants,

And Associated Developers, Inc. and Nordic Group, LLC, Intervenors,

Of which Associated Developers, Inc. is the Respondent,

And of which Nordic Group, LLC is the Appellant.

Appellate Case No. 2016-001298

—————————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

—————————

Unpublished Opinion No. 2018-UP-062
Submitted January 1, 2018 – Filed February 7, 2018

—————————

**AFFIRMED**

—————————

Wallace K. Lightsey, of Wyche Law Firm, of Greenville; James Atkinson Bruorton, IV and Timothy James Wood Muller, both of Rosen Rosen & Hagood, LLC, of Charleston, all for Appellant.

Michael A. Timbes and Thomas James Rode, both of Thurmond Kirchner & Timbes, P.A., of Charleston, for Respondent.

_____

**PER CURIAM:**  Nordic Group, LLC, (Nordic) appeals the Master-in-Equity's order approving Associated Developers, Inc.'s (Associated's) contract to purchase heirs' property in Charleston County and the Master's order denying Nordic's motion to reconsider.  Nordic argues (1) the Master erred by approving Associated's contract to purchase the property and (2) Nordic's in-court, oral offer of $650,000 for the property was sufficient and binding.  We affirm.[1]

We find the Master did not err by approving Associated's contract to purchase the property.  *See Laughon v. O'Braitis*, 360 S.C. 520, 524, 602 S.E.2d 108, 110 (Ct. App. 2004) ("A partition action . . . is an action in equity.  In an appeal from an equitable action, this court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence.").  Here, Associated presented evidence at the valuation hearing of its contract for the sale of the property, its contract amendment increasing the value it would pay for the property to $560,000, and its agreement to provide for the perpetual care of the gravesites on the property.  Although Nordic submitted to the Master a written but unsigned offer to purchase the property for the price of $560,000 prior to the valuation hearing, the only evidence Nordic offered at the hearing was its attorney's oral offer increasing its offer price.  We find the attorney's statement was not proper evidence for the Master to consider.  *See McManus v. Bank of Greenwood*, 171 S.C. 84, 89, 171 S.E. 473, 475 (1933) ("This [c]ourt has repeatedly held that statements of fact appearing only in argument of counsel will not be considered."); *Gilmore v. Ivey*, 290 S.C. 53, 58, 348 S.E.2d 180, 185 (Ct. App. 1986) (noting the circuit court properly disregarded statements of counsel about testimony appearing in depositions not otherwise introduced into evidence).  Nordic's attorney was unable to submit a signed, written commitment that Nordic would waive the contingencies in its current offer or provide for the family gravesites.  Accordingly, the only evidence properly before the Master at the valuation hearing was Nordic's original $560,000 offer; Associated's original contract, its amended contract for $560,000, and its agreement to care for the gravesites; and the parties' stipulation that the property's fair market value was $560,000.

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

After the valuation hearing, Nordic filed two new contracts indicating an increased offer price in support of its motion to reconsider. At the hearing on its motion to reconsider, Nordic indicated it had yet another contract but failed to admit this contract into evidence; however, a party cannot submit new evidence in support of its motion to reconsider. *See Dempsey v. Huskey*, 224 S.C. 536, 544, 80 S.E.2d 119, 122 (1954) (per curiam) (stating additional evidence submitted after the reference was closed could not be considered by the court because there was no opportunity for cross examination and the evidence was not necessary for "substantial justice"). Because Nordic presented no timely evidence of its new offer, Associated's written-and-signed contract was for the fair market value of the property as stipulated by the parties, and Associated had an agreement to perpetually care for the gravesites on the property, we find the Master did not err in approving Associated's contract.

As to Nordic's arguments regarding the Master's authority to proceed as it did at the valuation hearing, we find these arguments are unpreserved because Nordic never objected to the procedure at the time of the valuation hearing. *See Pye v. Estate of Fox*, 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit] court to be preserved."); *Johnson v. Sonoco Prod. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) (per curiam) ("An issue may not be raised for the first time in a motion to reconsider."). To the extent Nordic argues the valuation hearing was the equivalent of a judicial sale, Nordic did not raise this issue until its Rule 59(e), SCRCP motion, and thus, the issue is not preserved for appellate review. *See Johnson*, 381 S.C. at 177, 672 S.E.2d at 570 ("An issue may not be raised for the first time in a motion to reconsider."). Similarly, to the extent Nordic argues the Master did not have to award a contract at the valuation hearing, Nordic raised this issue for the first time on appeal, and thus, the issue is not preserved. *See Pye*, 369 S.C. at 564, 633 S.E.2d at 510 ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit] court to be preserved.").

Finally, we find Nordic's oral offer to purchase the property was not sufficient and binding because the statement of Nordic's attorney regarding Nordic's oral offer at the valuation hearing did not constitute evidence of an offer. *See McManus*, 171 S.C. at 89, 171 S.E. at 475 ("This [c]ourt has repeatedly held that statements of fact appearing only in argument of counsel will not be considered."). Because Nordic offered no evidence of the oral offer at the hearing, there was no valid offer, and the offer was not sufficient or binding on the Master.

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**