**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gloria Terry, Appellant,

v.

Robert L. Terry, Sr., Respondent.

Appellate Case No. 2017-000147

---

Appeal From Colleton County
Gerald C. Smoak, Jr., Family Court Judge

---

Unpublished Opinion No. 2018-UP-389
Submitted September 1, 2018 – Filed October 24, 2018
Withdrawn, Substituted, and Refiled March 27, 2019

---

**REVERSED AND REMANDED**

---

Gregory Samuel Forman, of Gregory S. Forman, PC, of Charleston, for Appellant.

Benjamin Cullifer Pickens Sapp, of Walterboro, for Respondent.

---

**PER CURIAM:** Gloria Terry appeals the family court's order dismissing her claim for equitable distribution on the ground of laches. Wife argues the court erred in granting Robert L. Terry, Sr.'s (Husband's) motion to dismiss because (1) Husband presented no evidence in support of the doctrine of laches, (2) the court

failed to hold an evidentiary hearing, and (3) Husband failed to establish evidence of "unreasonable delay" or "prejudice."

We find the family court's ruling, based solely off of the arguments of counsel, was in error. *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo, rather than an abuse of discretion . . . ."); *McManus v. Bank of Greenwood*, 171 S.C. 84, 89, 171 S.E. 473, 475 (1933) ("This court has repeatedly held that statements of fact appearing only in argument of counsel will not be considered."); *Bowers v. Bowers*, 304 S.C. 65, 68, 403 S.E.2d 127, 129 (Ct. App. 1991) ("Arguments of counsel are . . . not evidence."). Accordingly, we reverse and remand for the family court to hold an evidentiary hearing. *See Strickland v. Strickland*, 375 S.C. 76, 83, 650 S.E.2d 465, 469 (2007) ("In order to establish laches as a defense, a defendant must show that the complaining party unreasonably delayed its assertion of a right, resulting in prejudice to the defendant).

**REVERSED AND REMANDED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.